### HARLEM BOOK COMPANY, Inc., Plaintiff,

### v.

### Clyde B. HURTT, d/b/a Western Book Company, Defendant.

### No. 61 C 346(2).

United States District Court
E. D. Missouri, E. D.
July 31, 1962.

Baron & Freed and Jerome R. Mandelstamm, St. Louis, Mo., for plaintiff.

John P. Montrey, St. Louis, Mo., for defendant.

MEREDITH, District Judge.

On October 25, 1961, plaintiff brought this action for payment of an account of $11,776.24 alleging he sold books to defendant which were shipped according to instructions given plaintiff by defendant. On November 7, 1961, defendant entered a general denial and counterclaimed for loss of customers and damage to his business in the amount of $45,000, alleging that plaintiff shipped defendant's customers unsuitable books and books which were different from those approved or agreed to by defendant, which plaintiff should have known were unsuitable for the particular use intended. The counterclaim was timely answered by plaintiff.

On January 26, 1962, plaintiff filed a first set of interrogatories consisting of seven questions which with their various subdivisions totalled sixty-one interrogatories. On February 5, 1962, defendant requested an additional 30 days to answer the interrogatories. On April 6, 1962, plaintiff moved for a judgment for plaintiff by default on plaintiff's complaint and to dismiss defendant's counterclaim under Rule 37, Federal Rules of Civil Procedure, 28 U.S.C.A. Oral argument was heard and briefs were submitted. On April 19, 1962, this Court overruled plaintiff's motion and granted

defendant until April 27, 1962, to answer the interrogatories. On April 27, 1962, defendant answered certain of the interrogatories. It appearing that the answers given were insufficient, evasive and not responsive, plaintiff moved for an order requiring further answers. The motion was granted and this Court, on May 31, 1962, ordered defendant to answer specifically and fully interrogatories 2 (f), 2(h), 2(k), 2(m), 4, 7(f), 7(k), 7 (cc), 7(r) and 7(t). By the order of May 31, 1962, the Court sustained defendant's objections to twenty questions of a second set of interrogatories propounded by plaintiff on May 2, 1962, and ordered defendant to answer the remaining five interrogatories of the second set. The further answers ordered to the first set of interrogatories not having been made on June 18, 1962, plaintiff again filed a motion for an order under Rule 37 of the Federal Rules of Civil Procedure for judgment for plaintiff by default on plaintiff's complaint and to dismiss defendant's counterclaim for failure to answer interrogatories. On June 19, 1962, defendant filed answers to the second set of interrogatories and to 7(r), 7(s), 7(t), 7(z) and 7(cc) of the first set and requested 30 days additional time to answer 2(f), 2(h), 2(k), 2(m), 4, 7(f), 7(k) of the first set of interrogatories.

Thereafter, this Court, on July 18, 1962, overruled plaintiff's motion for judgment by default and to dismiss defendant's counterclaim. Nearly a month had elapsed since defendant requested 30 days additional time to complete answers to these interrogatories, defendant was therefore ordered on July 18, 1962, to answer on or before July 23, 1962. On July 23, 1962, defendant filed "Answers to Interrogatories" by stating that he has no clerical help in his business and conducts his bookkeeping and clerical work entirely by himself and, therefore, while he was attempting to comply with the order of July 18, 1962, he was unable to do so because time did not permit sifting through records involving 8,000 schools and 400,000 books and typing up 300,000 entries involved. Partial answers to some of the questions were filed.

The matter is now pending on plaintiff's application of July 24, 1962, for entry of judgment by default on plaintiff's complaint and for dismissal of defendant's counterclaim with prejudice because defendant has not made complete specific answers to interrogatories 2(f), 2(h), 2(m), 4, 7(f), and 7(k) on the date of July 23, 1962, as required by the order of Court on July 18, 1962.

We observe that this is the third time plaintiff has applied for the sanctions of Rule 37 of the Federal Rules of Civil Procedure for failure to answer interrogatories or for failure to comply with a court order requiring further answers to interrogatories. The incompletely answered interrogatories were first propounded to defendant on January 26, 1962. The defendant did not object to these particular interrogatories. He was, therefore, under a duty to answer them specifically and completely. After an order of Court, defendant purported to answer them seven weeks after they were submitted on April 27, 1962. A second order of May 31, 1962, required defendant to specifically and completely answer the interrogatories or if he was unable to do so to so state. On June 19, 1962, defendant requested 30 days to comply with the order of Court. Twenty-nine days later the defendant was allowed 5 days to further answer. Defendant now states that he has attempted to comply, but was unable to do so because of the limited time allowed by the Court. In view of the fact that defendant has had a total of six months since the interrogatories were filed to answer, the assertion that he was attempting to comply but could not do so because of the limited time allowed by the Court is not persuasive. It appears that the failure of defendant to comply with the Court order of July 18, 1962, re-enforces the presumption that arose earlier from unseemly delays in that defendant's counter-

claim is without merit. The interrogatories reveal that the information sought relate to defendant's counterclaim. Therefore, the Court in its discretion under Rule 37(b) (2) (iii) of the Federal Rules of Civil Procedure, will dismiss with prejudice defendant's counterclaim.

The Court, being fully advised in the premises, IT IS ORDERED

The motion of plaintiff insofar as it relates to the dismissal of the defendant's counterclaim is hereby sustained. The motion for judgment by default on plaintiff's complaint is hereby denied.

The counterclaim of defendant is hereby finally dismissed with prejudice.