Peter G. KELLEY, Libellant, Appellant,

v.

UNITED STATES of America et al., Respondents, Appellees.

No. 6369.

United States Court of Appeals First Circuit.

Nov. 16, 1964.

Nathan Greenberg, Boston, Mass., for appellant.

John C. Eldridge, Dept. of Justice, with whom John W. Douglas, Asst. Atty. Gen., W. Arthur Garrity, Jr., U. S. Atty., and Morton Hollander, Atty., Dept. of Justice, were on brief, for United States of America, appellee.

Blair L. Perry, Boston, Mass., with whom C. Keefe Hurley and Hale & Dorr, Boston, Mass., were on brief, for Nacirema Operating Co., Inc., appellee.

Before WOODBURY, Chief Judge, and HARTIGAN and ALDRICH, Circuit Judges.

PER CURIAM.

On February 20, 1964 interrogatories were addressed to the libellant. He filed objections to seven. On March 9, after a hearing, libellant was ordered to answer all seven. It has not been asserted, and could not be, that the court's order was improper. Trial was set for Monday, April 6. On the afternoon of Friday, April 3, libellant answered all interrogatories except the seven. The typewritten answers as filed did not even leave a blank space for the seven unanswered. On April 6 the libellee moved that the action be dismissed. The court granted the motion.

On April 10, 1964 libellant offered the answers to the seven interrogatories and moved for reconsideration of the dismissal. The answers themselves disclose that the information which they contain had long been in counsel's hands. The court denied the motion to reconsider.

On libellant's appeal it is acknowledged that the court's action fell squarely within the provisions of Admiralty Rule 32C (d). The sole argument made is that the order was too strict in this case, and that a fine on counsel, or a taxing of costs, would have been enough. We are not in sympathy with this suggestion. In the conduct of his case, acting for what he surely thought would be to the best interests of his client, counsel for libellant . (not counsel on this appeal) deliberately

disregarded the court's order, and by a calculated maneuver sought to obtain an improper advantage. If this had worked out it would, at least in counsel's opinion, have helped libellant's cause. Now, when it backfired, he wants to take a slap on the wrist and start over. We refrain from further comment. But see, generally, Rosenberg, Sanctions to Effectuate Pretrial Discovery, 58 Col.L.Rev. 480 (1958); Link v. Wabash Railroad Co., 1962, 370 U.S. 626, 633–634, 82 S.Ct. 1386, 8 L.Ed.2d 734.

Judgment will be entered affirming the judgment of the District Court.