GEORGE PARTLOW *vs.* THE HERTZ CORPORATION.

Suffolk.    April 7, 1976. — August 13, 1976.

Present: REARDON, QUIRICO, BRAUCHER, & KAPLAN, JJ.

*Practice, Civil,* Failure to answer interrogatories.

There was no error in the dismissal of a complaint pursuant to Rule 37 (b) (2) (C) of the Massachusetts Rules of Civil Procedure where the plaintiff, notwithstanding two orders to provide further answers to a particular interrogatory, gave a vague and insufficient response and failed to demonstrate his inability to comply with the orders. [788-791]

TORT.    Writ in the Superior Court dated January 31, 1974.

The action was heard by *McNaught,* J., on an application for dismissal.

After review was sought in the Appeals Court, the Supreme Judicial Court, on its own initiative, ordered direct appellate review.

*Frederick L. Brown* for the plaintiff.

*Arthur E. Nicholson* for the defendant.

REARDON, J.    The plaintiff brought an action in the Superior Court by a writ dated January 31, 1974, based on personal injuries suffered in an automobile accident on September 3, 1972. He alleged that he was a guest in an automobile of the defendant Myers which was being operated by a second defendant, Eugene Strother (both were named as defendants at the commencement of the action but were not served with process and took no part in further proceedings), and which had been leased by the defendant The Hertz Corporation (Hertz) to Myers. He further alleged in part that the automobile was in a defective condition. Hertz filed an answer and propounded a set of interrogatories to the plaintiff, No. 14 of which asked, "Give an itemized statement to date of all monetary losses sustained by you or in your behalf as a result of your alleged accident, including in your answer those losses that have not been paid." The Hertz interrogatories were filed on April 12, 1974. The answer of the plaintiff to interrogatory No. 14 was, "I will provide this." Thereafter, on June 19, 1974, Hertz moved to expunge certain of the plaintiff's answers to interrogatories, including the answer to No. 14. On July 2, 1974, the answers of the plaintiff to the several interrogatories, including No. 14, were expunged and the plaintiff was ordered by a Superior Court judge to answer further said interrogatories within twenty-one days. On July 24, 1974, Hertz applied under Rule 33 (a) of the Massachusetts Rules of Civil Procedure, 365 Mass. 790 (1974) for dismissal of the complaint against it, alleging the failure of the plaintiff to file timely, further answers. Further answers were filed by the plaintiff on July 29, 1974, and in these answers interrogatory No. 14 was answered, "The list of expenses is not complete at this time, since I have not received all of my hospital bills." Hertz

then moved for judgment on August 14, 1974, on the ground that the plaintiff had failed to answer further the interrogatories in compliance with the court order. On September 5, 1974, a second Superior Court judge entered an order allowing the Hertz motion unless within ten days proper answers to the several interrogatories, including interrogatory No. 14, were filed. On September 11, 1974, the plaintiff filed a second set of further answers, and in answer to interrogatory No. 14 itemized charges due the Boston City Hospital for services, and stated in addition, "I have not yet received a bill from the Massachusetts General Hospital, but given the length of my hospital stay, I presume the bill will be substantially in excess of the Boston City Hospital Bill. I have not paid a hospital bill thus far." On September 25, 1974, the second Superior Court judge made a determination that the answer filed on September 11, 1974, with respect to interrogatory No. 14 was "still insufficient and improper," and, pursuant to Rule 37 (b) (2) (C) of the Massachusetts Rules of Civil Procedure,[1] 365 Mass. 797, 798, 799 (1974), ordered the complaint dismissed as to the defendant Hertz.

As Hertz argues, under Mass. R. Civ. P. 26 (b) (1), 365 Mass. 773 (1974), the parties may obtain discovery on any matter, not privileged, relevant to the subject matter involved in a pending action. In this instance it would appear to have been an easy process to determine what the charges which the plaintiff faced for his treatment would be. Certainly those rendering the treatment, including the Massachusetts General Hospital, could quickly provide the plaintiff on request with the information which Hertz was seeking. It appears that the plaintiff last received treatment from the Massachusetts General Hospital (at least

---

[1] Rule 37 (b) (2) (C) provides in part: Failure to Make Discovery: Sanctions ... (b) Failure to comply with Order ... (2) *Sanctions by Court in Which Action is Pending.* If a party ... wilfully fails to obey an order to provide or permit discovery ... the court in which the action is pending may make such orders in regard to the failure as are just, and among others the following: ... (C) An order ... dismissing the action or proceeding or any part thereof ...."

on an in-patient basis) in February, 1974. The original interrogatories went to the plaintiff on April 12, 1974, and, notwithstanding two orders to provide further answers to which Hertz was entitled, and after several hearings, the plaintiff on September 25, 1974, had not yet provided that sufficient answer which it lay within his power to give. The answers which were provided on several occasions were at least evasive. Compliance with the rules of civil procedure is not accomplished if the parties make of answers to interrogatories some kind of a game, and in these days of heavily burdened civil dockets the courts are not to be expected to be subjected to that type of abuse which is evident in this case. There was no constitutional problem in the court's action under Mass. R. Civ. P. 37 (b) (2) (C). Nor was there any demonstrated inability on the part of the plaintiff to comply with the orders directed to him. Compare this situation with that prevailing in *Societe Internationale Pour Participations Industrielles et Commerciales, S. A.* v. *Rogers,* 357 U.S. 197 (1958) (reversing the dismissal of a complaint under Fed. R. Civ. P. 37[b]), where it was demonstrated in the record that the petitioner had made "extensive efforts at compliance" with a court order for production of certain records which were in the possession of Swiss banks and which could not have been produced without subjecting the petitioner to criminal penalties in Switzerland. *Id.* at 211.

Furthermore, we discern no abuse of discretion. While dismissal of the plaintiff's complaint is not a trivial sanction, this result was occasioned by the plaintiff's or his counsel's lack of diligence and apparent failure to take seriously the responsibility of conducting litigation in compliance with the rules of civil procedure. See *Sivelle* v. *Maloof,* 373 F.2d 520, 521 (1st Cir. 1967); *Kelley* v. *United States,* 338 F.2d 328, 329 (1st Cir. 1964); *Harlem Book Co.* v. *Hurtt,* 31 F.R.D. 177, 178 (E.D. Mo.), appeal dismissed, 308 F.2d 949 (8th Cir. 1962). The question of further answers had been before two judges, each of whom was endeavoring to have the plaintiff provide reasonable compliance under the rule. There seems to have been not once

but twice a calculated disregard for the orders of the judges.[2] We agree with the Superior Court judge that this is not to be tolerated.

*Judgment affirmed.*

---

[2] We note that the judge had before him not only the plaintiff's responses to interrogatory No. 14 but also the series of answers propounded in response to interrogatory No. 9 (d) which requested of the plaintiff information concerning "[t]he wages, salary, commission or business profits you were receiving for a period of one month prior to the alleged accident, ... together with the name and address of the person or persons you received the same from ...." In the plaintiff's first set of answers, his response to No. 9 (d) was: "I was working part-time. My salary varied." His second response, after being ordered by the court to answer further, was, "Since the time of the accident I have been unable to work because of the pain in my leg." It was only after the September 5, 1973, order of the second Superior Court judge (referred to above in connection with interrogatory No. 14) that the plaintiff finally admitted that he had "received no wages, salary, commission or business profits for a period of one month prior to the accident." While the plaintiff finally did respond adequately to interrogatory No. 9 (d), the series of evasive, if not deceptive, answers to this interrogatory could be considered by the judge in evaluating the plaintiff's failure to respond properly to interrogatory No. 14.