Lenhoff, J.
The Trial Court’s dismissal of the submitted Draft Report[3] (same appears below with the findings of the Trial Court excluded therefrom) was proper; and, such disposition was legally correct.
The plaintiffs clearly failed to comply with Dist./Mun. Cts. R. Civ. P., Rule 64 (c) (2) entitled “Contents of the Draft Report.” The substantial lack of compliance therewith justified the Trial Court in invoking the action taken. See Partlow v. Hertz Corp., 370 Mass. 787, 790 (1976).
Therefore, the report here presented pursuant to Dist./Mun. Cts. R. Civ- P., Rule 64 (c) (6), be and is hereby dismissed.

On October 28, 1985, the Court, Morse, J., heard the facts of this dog-bite case, and entered the appended findings dated Dec. 18, 1985.
The Court ruled that the lease, appended between the defendants Boyle and LaPointe, did not constitute LaPointe’s neighbors in the complex (plaintiffs) as third-party beneficiaries of the lease contract entitled to recover under Massachusetts Law.
Plaintiffs respectfully assert that they should have been found entitled to recover by virtue of their status as third-party beneficiaries of the no-pets clause in the lease, regardless of the fact the said clause allowed pets if the landlord (Boyle) gave the tenant (LaPointe) written permission for pets, since no such written permission had been given.