Staff, J.
In this contract action the plaintiffs-lessors seek to recover damages from the defendant-lessee for an alleged breach of a lease. The defendant’s answer included a counterclaim for the return of the security deposit given to the plaintiff by the defendant. Plaintiff filed an answer to the counterclaim.
The defendant failed* to file answers to interrogatories for which it was defaulted. The defendant then filed a Motion to Vacate Judgment and Extend Time to File Answers to Interrogatories and shortly afterward the plaintiff filed a Motion for Judgment and Judgment of Dismissal of the Defendant’s Counterclaim. Plaintiffs motion was accompanied by two affidavits, one by the plaintiff, the other by his attorney, both relating to the amount of damages said to be suffered by the plaintiff. The motions for both sides were heard by the court which denied defendant’s motion and allowed plaintiffs motions, judgment entering in the amounts requested in the motion and set forth in the affidavits. Judgment of dismissal entered for the plaintiff as defendant on defendant’s counterclaim.
Also the defendant filed a Motion to Alter or Amend the Judgment assigning as reason that the counterclaim should not have been dismissed and that the court should not have assessed damages based on affidavits but should have conducted a hearing for that purpose.
The defendant claims to be aggrieved, fundamentally in the dismissal of the counterclaim and the failure of the court to conduct an evidentiary hearing on the assessment of damages.
We find no error in the action of the trial judge in the dismissal of the counterclaim. However, the particular facts of this case require a full evidentiary hearing on the question of damages and we remand the case for that purpose.
A motion to alter or amend judgment is much like a motion for relief from judgment and is addressed to the sound discretion of the court. Berube v. McKesson Wine & Spirits Co., 7 Mass. App. Ct. 426, 433-434 (1979). The defendant has not shown an abuse of that discretion. Partlow v. Hertz Corporation, 370 Mass. 787, 790 (1976); Cf. Henshaw v. The Travelers *154 Insurance Company, 377 Mass. 910-911 (1979).
In these days of crowded dockets the court has an obligation to itself as well as to the litigants to conduct its business in an efficient manner. The rules are plain and while the sanction imposed here is not trivial, the result was occasioned by defendant’s lack of diligence. Kelley v. United States, 338 F. 2d 328, 329 (1st Cir. 1964); Shapiro v. Public Service Mutual Insurance Co., 19 Mass. App. Ct. 648, 658 (1985).
The same reasoning applies to. the judge’s action in dismissing the counterclaim. No abuse of discretion is shown. While it is true that a complaint and a counterclaim in the same’ action are viewed independently, see Bordonaro v. Vandenkerckhaven, 322 Mass. 278, 281 (1948), the trial judge here acted separately on the counterclaim by dismissing it. We must assume that the judge considered the interrogatories as applying to the counterclaim ' as well as the complaint. We find nothing in the report to indicate otherwise and therefore we are unable to find that the judge acted unreasonably in the exercise of his discretion.
Although the report itself is not specific as to what damages were suffeed by the plaintiffs, it states that damages were incurred by reason of a breach of a written lease of real estate.The question as to what damages were incurred, as stated in plaintiffs’ brief argument, and affidavit, consisted of lost rent, renovations, brokers’ commissions and attorneys’ fees.
Although the wording of Dist./Mun. Cts. R. Civ. P., Rule 55(b) (2)makesit appear discretionary with the court as to whether a hearing on damages should be held (“ [i]f it is necessary... to determine the amount of damages . . . the court may conduct such hearings .. . as it deems necessary .. .”) we think that in this kind of case a hearing should be conducted with both parties afforded the opportunity to present evidence and cross examine the witnesses. Feeney v. Abdelahad, 6 Mass. App. Ct. 849, 850 (1978); Sound Sellers, Inc. v. Kaitz, 1981 Mass. App. Dec. 36, 38; Webber v. Johnson 342 Mass. 455, 458 (1961); Kenney v. Rust, 17 Mass. App. Ct. 699, 705 (1984).
Accordingly, we remand the case to the trial court for a hearing on the quéstion of damages. We suggest that, at such a hearing, [the] defendant, though in default, is in court on a hearing limited to the question of the amount of damages, to the same extent that [it] is in court in a trial on the merits. . ..” Peitzman v. City of Illmo, 141 F.2d 956, 962 (8th Cir. 1944), cert. denied, 323 U.S. 718 (1944); Silkey v. New England Telephone & Telegraph Co., 9 Mass. App. Ct. 816 (1980).