Sherman, P J.
This is an action in contract to recover payment of a credit card account balance owed by the defendants. The defendants counterclaimed for G.L.c. 93A damages for the plaintiffs alleged unfair collection practices.
The trial court allowed the plaintiff s Dist./Mun. Cts. R. Civ. P., Rule 56 motion for summary judgment on both the complaint and the counterclaim. The defendants now appeal the trial court’s subsequent denial of their motion for relief from such judgment.
The record indicates that after defaulting on their credit card payments because of financial difficulties, defendants Lawrence D. and CynthiaJ. Brennan (“the Brennans”) closed their Master Card account with plaintiff Fidelity Trust Co. (“Fidelity”) in February, 1991, and offered to make reduced monthly payments on their principal balance. Fidelity refused to accept less than the regular monthly payment, but did not object to the Brennans working with Consumer Credit Counseling Service of Eastern Massachusetts, Inc. (“CCCS”). The Brennans thereafter attempted to negotiate a payment plan, while Fidelity continued to demand full monthly payments. In early Spring, 1991 and again in July, 1991, Fidelity threatened legal action if full payments were not received from the Brennans. There is no evidence or averment that any payment was made by the Brennans during this period.
On September 9, 1991, a proposed plan for reduced monthly payments was prepared for the Brennans and forwarded to Fidelity by CCCS. Fidelity’s rejection of this proposal was received by CCCS on September 19,1993. On September 30,1991, Fidelity filed its complaint in this action for recovery of aprincipal balance of $5,160.21, plus attorney’s fees, interest and costs as provided for in the parties’ Cardmember Agreement.
CCCS resubmitted its proposal at the Brennans’ request, and secured approval of the payment plan on October 3,1991 from Fidelity’s counsel who stated that he would still seek an attachment of the Brennans’ house as security for their debt payment. The defendants’ affidavits contain conflicting averments as to whether the Brennans made their first paymentat the beginning of November or December, 1991. Fidelity filed its *231 motion to attach the Brennans’ house on October 18,1991, and the motion was heard and allowed on November 5,1991. The attachment was never recorded.
The Brennans’ answer of October 25,1991 admitted that there was an outstanding balance on their credit card account, but alleged by way of counterclaim that Fidelity had refused their payment plan offers and had pursued collection in an unfair, deceptive, unreasonable and harassing manner.
Approximately three months later, Fidelity filed a Rule 56 motion for summary judgment with timely and appropriate notice to the Brennans. In a supporting affidavit, Fidelity’s counsel asserted that at the November 5, 1991 attachment hearing, the Brennans had admitted that they owed the full amount sought in Fidelity’s complaint, and had identified Fidelity’s refusal to accept their payment plan proposals as the sole basis of their G.L.c. 93A counterclaim. The Brennans filed two counter-affidavits and amemorandum of law in opposition to Fidelity’s Rule 56 motion. Defendant Lawrence D. Brennan averred that $5,000.00 was owed on the credit card in February, 1991, but that the allegations of the defendants’ counterclaim created an issue of fact as to the amount then owed to Fidelity. The Brennans further contended that Fidelity’s unfair collection practices included “threatening a law suit and not filing it for some time,” filing the attachment motion based on a false averment that the Brennans had failed to make payment, and filing the motion for summary judgment after acceptance of the CCCS plan.
On January 24,1992, the Brennans appeared at court for the scheduled motion hearing. They now claim that after they requested a second call of the case, they were directed to the wrong courtroom and did not later hear their names paged to the courtroom where the hearing was held; that Fidelity’s counsel told the motion judge thathe did notknowwhere theBrennans were; and that Fidelity’s summary judgment motion was allowed in their absence.
Execution issued in March, 1992, and commercial property of the Brennans was levied upon in August, 1992. The Brennans paid the $6,247.43 judgment in full on October 13,1992. Thereafter, they filed a motion for relief from judgment pursuant to Dist./Mun. Cts. R Civ. P., Rules 60(b) (1), (b) (3), (b) (5) and (b) (6) which was denied, after hearing, by the trial court.
1. The Brennans have failed to identify any egregious or corrupt conduct, or misconduct of any kind, on the part of Fidelity or its counsel which could be classified as a Rule 60 (b) (3) fraud upon the court. See generally, Pina v. McGill Dev. Corp., 388 Mass. 159, 165 (1983); Winthrop Corp. v. Lowenthal, 29 Mass. App. Ct. 180, 184 (1990). Even accepting as true, Paresky v. Board of Zoning Appeal of Cambridge, 19 Mass. App. Ct. 612, 615 (1985), the Brennans’ hearsay assertion that Fidelity’s counsel told the motion judge that he did not know where the defendants were at the time of the Rule 56 hearing, there is no evidence that such statement was false, that counsel had seen the Brennans or actually knew that they were in another courtroom or anywhere in the courthouse,[2] or that Fidelity in any way deterred the Brennans from appearing and opposing the summary judgment motion.
Further, in denying the Brennans’ Rule 60 motion, the trial court could have properly found that the full merits of the Brennans’ opposition to Fidelity’s Rule 56 motion were before the court in the form of their legal memorandum and affidavits. Although Rule 56 clearly provides for a hearing, but cf. Dist./Mun. Cts. R Civ. P., Rule 78, actual testimony at such hearing is rarely, if ever, considered. Makino, U.S.A., Inc. v. Metlife Capital Credit Corp., 25 Mass. App. Ct. 302, 318 n.6 (1988). It should be noted that while the defendants have appeared in this matter pro se, defendant Lawrence Brennan is a member of the Massachusetts Bar. He conceded at oral argument before this Division that all of the defendants’ arguments in opposition to Fidelity’s Rule 56 *232 motion were set forth in their memorandum and affidavits. As the Brennans were not “prevented from presenting the merits of their case,” Anisgard v. Bray, 11 Mass. App. Ct. 726, 731 (1981), their absence from the summary judgment hearing did not require, or constitute a compelling basis for, Rule 60(b) relief.
2. It is equally clear that Rule 60(b)(6) could not be properly invoked by the Brennans herein. Rule 60(b) (6) is “extremely meagre in scope”, Bowers v. Board of Appeals of Marshfield, 16 Mass. App. Ct. 29, 33 (1983), requires the demonstration of “extraordinary circumstances”, Henderson v. D'Annolfo, 15 Mass. App. Ct. 413, 425 n. 15 (1983), and is inapplicable where the grounds for relief fall within subsections (1)-(5) of Rule 60 (b). Bird v. Ross, 393 Mass. 789, 791 (1985). This is not a case where the defendants were deprived of legal notice of the plaintiffs motion and the hearing thereon. See, e.g., Chavoor v. Lewis, 383 Mass. 801, 806 (1981). Compare Bushnell v. Bushnell, 393 Mass. 462, 474-475 (1984); Struett v. Arlington Trust Co., 23 Mass. App. Ct. 152, 155 (1986). The Brennans’ claim instead amounts to an assertion of simple mistake or confusion as to which courtroom the motion was sentfor hearing. It is Rule 60 (b) (1) that applies to such mistakes by the parties or by the court itself. Chavoor v. Lewis, supra at 805 n.3.
3. Facts which may justify or permit the vacating of judgment do not, however, compel the trial judge to grant such relief. Scannell v. Ed Ferreirinha & Irmao, Lda., 401 Mass. 155, 159-160 (1987); Bird v. Ross, supra at 791; Chiu-Kun Woo v. Moy, 17 Mass. App. Ct. 949 (1983) .There is thus no merit to the Brennans’ contention that they were entitled to Rule 60(b) (1) relief from judgment because they satisfied all of the criteria for such relief prescribed by Berube v. McKesson Wine & Spirits Co., 7 Mass. App. Ct. 426, 430-431 (1979). A Rule 60(b)(1) motion is addressed to the broad discretion of the trial judge whose ruling will not be disturbed in the absence of aclear abuse of such discretion. Parrell v. Keenan, 389 Mass. 809, 815 (1983); Murphy v. Administrator of Div. of Personnel Admn., 377 Mass. 217, 227 (1979). There was no such abuse or error in the denial of the Brennans’ motion herein.
Contrary to the Brennans’ contention, they have not in fact satisfied all Berube criteria. The Brennans have failed, in support of their assertion that their counterclaim is meritorious, to describe any unfair or harassing collection practices by Fidelity. See G.L.c. 93, §49; 940 CMR 7:00 et. seq. (Attorney General’s Debt Collection Regulations). The defendants enjoyed no legal or contractual right to a reduced payment plan, and Fidelity was neither obligated to accept one, nor to refrain from commencing legal action. There is no evidence of any payment by the Brennans prior to the filing of either Fidelity’s complaint or its motion to attach. There is also no evidence that the Brennans continued to make payments under the plan after the first payment so as to render the filing of Fidelity’s Rule 56 motion in any way unfair. In denying the Brennans’ Rule 60 (b) (1) motion, the court could have properly considered the lack of any realistic prospect of the Brennans succeeding on their counterclaim if relief from judgment were permitted. Gifford v. The Westwood Lodge Corp. 24 Mass. App. Ct. 920, 922 (1987).
4. Similarly, relief from judgment pursuant to Rule 60(b) (5) rests solely within the discretion of the motion judge, Gibbs v. Maxwell House, A Div. of Gen. Foods, 738 F.2d 1153, 1153 (11th Cir. 1984), who was in no way required to vacate the summary judgment in this case solely because the Brennans elected to make full payment of that portion of the judgment which adjudicated the plaintiff s claim. The first clause of Rule 60 (b) (5) pertaining to judgments which have been “satisfied, released or discharged” is “rarely of use,” United States v. American Nat'l Bank & Tr. Co., 101 F.R.D. 700, 771 (N.D.Ill. 1984), except, for example, in those situations where “damages are paid before trial or a tortfeasor or obligor has paid the judgment debt.” Gibbs v. Maxwell *233 House, supra at 1155.[3]The Brennans have advanced no authority for their proposition that payment of damages awarded on a plaintiffs contract claim would entitle the defendants to Rule 60 (b) (5) relief to reopen their statutory counterclaim. The court’s Rule 56 judgment on the defendant’s G.Lc. 93Acounterclaim has not been “satisfied, released or discharged.” The Brennans did not appeal the summary judgment entered against them on such counterclaim, and could not use a Rule 60 (b) motion as asubstitutefor such appeal. Bankers Mortgage Co. v. United States, 423 F.2d 73, 77 (5th Cir. 1970).
There being no error, the report is dismissed.

 defendant Cynthia Brennan averred only that an unidentified man stood at the first call of the case and looked at her. Defendant Lawrence Brennan averred that he did not see Fidelity’s counsel at any time in the courthouse on the day in question.

 See, e.g., Landau v. Cleary, 867 F.2d 996 (7th Cir. 1989) (Rule 60(b)(5) applicable where duplicate payment of judgment damages mistakenly made to both attorney and accounting firm in satisfaction of single judgment); Johnson Waste Materials v. Marshall, 611 F.2d 593 (5th Cir. 1986) (Rule 60 (b) (5) independent action appropriate to reduce judgment by amount of pre-trial payment of obligation underlying judgment); Budge v. Post, 554 F.Supp. 370 (N.D.Tex. 1982) (partial satisfaction of obligation underlying judgment by pre-trial assignment of rights to settlement of unrelated lawsuit permitted Rule 60(b)(5) relief); Caraway v. Sain, 23 F.R.D. 657 (N.D.Fla. 1959) (Rule 60(b)(5) relief granted to reduce judgment by amount paid by joint tortfeasor in pre-trial settlement).