Coven, J.
This is an appeal by the plaintiff of the denial of his Dist./Mun. Cts. R Civ. R, Rule 60(b) (6) motion for relief from a judgment of dismissal with prejudice which was entered as a sanction for the plaintiff’s purported failure to comply with a court order for discovery.
The plaintiff brought suit to recover insurance benefits for the alleged theft of a motor vehicle leased by him and insured by defendant Hanover Insurance Company. The action was commenced in the Superior Court Department and transferred for trial to the Haverhill Division of the District Court Department on September 16,1992.
The defendant propounded two sets of interrogatories to which the plaintiff filed written responses. On February 8,1993, the defendant filed a motion to strike the plaintiff’s answers to certain interrogatories and to compel further responses. The court allowed the defendant’s motion on February 19,1993, and ordered the plaintiff to file further answers within twenty days. The plaintiff submitted additional answers to interrogatories on March 9,1993.
The defendant objected that these additional answers were incomplete, evasive *201 or unresponsive, and filed a motion on March 22,1993 for sanctions, including an order of dismissal. A hearing on the defendant’s motion was held on April 16,1993. The plaintiff did not appear. On April 23,1993, the court allowed the defendant’s motion for sanctions, and ordered that the case be dismissed “with prejudice.”[1]
A judgment of dismissal with prejudice was entered on April 27,1993. The plaintiff did not appeal that order.
On May 12,1993, the plaintiff filed a motion for relief from judgment pursuant to Dist./Mun. Cts. R Civ. E, Rule 60(b) (6) which was heard and denied by the trial court.
1. The plaintiff’s primary contention on this appeal is that the court’s Rule 37(b) (2) (C) dismissal of his action as a sanction for his failure to comply satisfactorily with the court’s order for further answers to interrogatories was so draconian as to constitute an abuse of discretion. The question of the propriety of the dismissal of the plaintiff’s complaint has not, however, been reported to this Division. The sole issue presented by the plaintiff’s appeal is whether the denial of his Rule 60(b) (6) motion for relief from such judgment of dismissal constituted an abuse of discretion because it was “characterized by arbitrary determination, capricious disposition, whimsical thinking or idiosyncratic choice.” Greenleaf v. Massachusetts Bay Transp. Auth., 22 Mass. App. Ct. 426, 429 (1986).
The plaintiff’s motion was itself predicated on the same argument that a judgment of dismissal for failure to provide satisfactory responses to the defendant’s interrogatories was too harsh a sanction in light of what the plaintiff characterizes as his good faith efforts to comply with the court’s order for further answers. Given such grounds, the plaintiff’s Rule 60(b) (6) motion amounted to little more than a request that the judge reconsider his own prior determination that a Rule 37 (b) (2) (C) dismissal was appropriate on the facts of this case. In the absence of exceptional circumstances, however, Rule 60(b) (6) does not generally serve as a mechanism for obtaining the reconsideration of an order or judgment, or for challenging alleged legal errors which could have been corrected on appeal. Pentucket Manor Chronic Hosp., Inc. v. Rate Setting Comm., 394 Mass. 233, 236 (1985). See also, Bromfield v. Commonwealth, 400 Mass. 254, 257 (1987); Charles Choate Memorial Hosp. v. Commissioner of Public Welfare, 13 Mass. App. Ct. 1080, 1081 (1982).
Rule 60(b) (6) is more “meagre in scope,” Bowers v. Board of Appeals of Marshfield, 16 Mass. App. Ct. 29, 33 (1983), and affords relief only in extraordinary circumstances beyond those recognized as grounds for relief under Rule 60(b) (1)-(5). Parrell v. Keenan, 389 Mass. 809, 814 (1983); Henderson v. D'Annolfo, 15 Mass. App. Ct. 413, 425 n.15 (1983). The plaintiff has demonstrated no exceptional circumstances. His simple assertion that he answered the defendant’s interrogatories fully, honestly and to the best of his recollection falls short of a due process claim of an objective inability to provide additional information. Compare Gos v. Brownstein, 403 Mass. 252, 256-257 (1988).
2. Nor would the plaintiff be entitled to a different result on this appeal even if his motion, despite its caption, Bengar v. Clark Equip. Co., 24 Mass. App. Ct. 41, 45 (1987), were to be considered as one for relief from judgment for excusable mistake or inadvertence pursuant to Rule 60(b) (1). The “appeal of the denial of a Rule 60(b) motion does not bring with it an appeal from the original judgment of dismissal. ...” Wilkinsons. Guarino, 19 Mass. App. Ct. 1021, 1023 n.6 (1985). See also, Nolan v. Weiner, 4 Mass. App. Ct. 800 (1976). The narrow issue for our determination would remain whether the motion judge abused his discretion in refusing *202 under Rule 60(b) (1) to reconsider and reverse his prior dismissal order.
The standard of appellate review of the denial of a Rule 60(b) motion is not substituted judgment. Scannell v. Ed. Ferreirinha & Irmao, Lda., 401 Mass. 155, 160 (1987). We cannot, therefore, rule that the judge’s denial of the plaintiffs Rule 60(b) motion constituted a ruling which “no conscientious judge, acting intelligently, could honestly have taken.” Bartley v. Phillips, 317 Mass. 35, 43 (1944). See also Mazzoleni v. Cotton, 33 Mass. App. Ct. 147, 152-153 (1992).
3. A ruling of law that judicial action under Rule 60(b) falls short of constituting an abuse of discretion is not, of course, tantamount to an assessment of such action as well-advised. Nor does such ruling import any review and affirmation of the underlying judgment of dismissal which, as noted, is not at issue on this appeal.
Had such issue been presented, it would have been noted that a failure to answer interrogatories or to comply with any judicial discovery order may, in measurably aggravated circumstances, result in default or dismissal. See Roxse Homes Ltd. Partnership v. Roxse Homes, Inc., 399 Mass. 401, 405-406. (1987); Plasko v. Orser, 373 Mass. 40, 41 (1977); Partlow v. Hertz Corp., 370 Mass. 787, 790 (1976); Maywood Builders Supply Co. v. Kaplan, 22 Mass. App. Ct. 944, 945 (1986); Kenney v. Rust, 17 Mass. App. Ct. 699, 703-704 (1984). The proper penalty to be imposed in each case rests within the broad, but not unfettered, discretion of the trial judge. Henry L. Sawyer Co. v. Boyagian, 296 Mass. 215, 217 (1936). Dismissal is clearly the most severe sanction which can be imposed for the violation of a discovery order, and should never serve as the penalty of first resort. A trial court is not only authorized, but obligated, to consider conscientiously the utility of lesser, appropriate sanctions, Ticchi v. Ambassador Cab, Inc., 11 Mass. App. Ct. 912 (1981), which may include monetary penalties, preclusive orders prohibiting the admission of certain evidence, and even dismissals without prejudice. No dismissal entered without a prior, careful balancing of the competing interests of affording the plaintiff his day in court and of effectively preserving the defendant’s right to necessary discovery, Greerileafv. Massachusetts Bay Transp. Auth., supra at 429-430, can ever be equated with a sound exercise of judicial discretion.
Report dismissed.
So ordered.

The trial court’s specification that the dismissal was “with prejudice” was wholly gratuitous. A dismissal entered as a discovery sanction pursuant to either Rule 33(a) or Rule 37(b) (2) (C) operates as an adjudication upon the merits unless the court orders that the dismissal be entered “without prejudice.” Dist./Mun. Cts. R. Civ. R, Rule 41(b)(3). See generally, Casualty Reciprocal Exchange v. Fazio Enterp., Inc., 1991 Mass. App. Div. 84.