Merrick, J.
This is a Dist./Mun. Cts. RAD. A, Rule 8A expedited appeal by the defendants of the denial of their motion for relief from judgment.
Plaintiff BayBank commenced this action to recover a deficiency after a mortgage, foreclosure. The defendants contended that (Í) a bankruptcy court order had discharged their mortgage debt to BayBank, and (2) BayBank failed to give the written notice of intent to seek a deficiency required by G.Lc. 244, §17B. BayBank filed a Mass. R. Civ. R, Rule 56 motion for summary judgment, which was allowed on May 29, 1996. For whatever reason, judgment was not entered and notice not issued until July 2,1997. The defendants did not appeal the court’s summary judgment for BayBank.[2]
On October 6,1997, the defendants filed a motion for relief from judgment pursuant to Mass. R. Civ. R, Rules 60(b) (4), (b) (5) and (b) (6) ,[3] The motion was denied on October 22,1997, and this appeal was filed.
1. The defendants’ principal argument is that they were entitled to Rule 60(b) (4) relief because the trial court’s summary judgment was void. “Rule 60(b) (4) allows relief only from void judgments. A court must vacate a void judgment It may not vacate a valid one. No discretion is granted by the rule.” Field v. Massachusetts Gen. Hosp., 393 Mass. 117, 118 (1984). See also New England Die Cutting, Inc. v. O'Neil, 1997 Mass. App. Div 6.7. However, the concept of a void judgment for which Rule 60(b) (4) relief must be granted is narrowly construed. Harris v. Sannella, 400 Mass. 392, 395 (1987). A judgment is void only when entered without due process of law, or by a court which lacks either subject matter jurisdiction or personal jurisdiction over the defendant Bowers v. Marshfield Board of Appeals, 16 Mass. App. Ct. 29, 32 (1983); Lumber Mut. Ins. Co. v. Centore, 1992 Mass. App. Div. 218, 219.
The defendants contend that the summary judgment in this case was void because the trial court did not have subject matter jurisdiction over a dispositive issue in the case; namely, the question of whether their mortgage debt had been discharged in bankruptcy. That issue, the defendants argue, can only be decided by the Bankruptcy Court. It is well sealed, however, that a state court has jurisdiction to determine whether a discharge in a Federal bankruptcy proceeding relieved the debtor of his obligation on a debt before the state court. Massachusetts *113 Higher Educ. Assistance Corp. v. Taylor, 390 Mass. 755, 761-762 (1984).
Equally unavailing is the defendants’ further assertion that the trial court lacked subject mater jurisdiction because BayBank allegedly failed, prior to foreclosure, to send the notice of intent to pursue a deficiency mandated by G.L.C. 244, §17B. First, the merits of the trial judge’s original rulings on summary judgment, that the defendants’ debt was not discharged in bankruptcy and that BayBank was not barred by §17B from recovering a deficiency, are not before us. As noted, the defendants failed to appeal the court’s summary judgment for BayBank. Motions for relief from judgment under Rule 60(b) may not be used as a device for obtaining reconsideration of a judgment or for challenging alleged legal errors which could have been raised on an appeal of that judgment. Amerada Hess Corp. v. Garabedian, 416 Mass. 149, 156-157 (1993); Diamond v. Hanover Ins. Co., 1994 Mass. App. Div. 200, 201.
Second,
[a] void judgment, that is, a ‘total want of jurisdiction, must be distinguished from an error in the exercise of jurisdiction. A court has the power to determine its own jurisdiction, and an error in that determination will not render the judgment void. Only in the rare instances of a clear usurpation of power will a judgment be rendered void.’
O’Dea v. J.A.L., Inc., 30 Mass. App. Ct 449, 455 (1991). It is necessary to distinguish between “facts which are ‘strictly jurisdictional’ and without which a judgment is void, and facts which are ‘quasi jurisdictional’ which are ‘necessary to be alleged and proved in order to set the machinery of the law in motion, but which, when properly alleged and established to the satisfaction of the court cannot be attacked collaterally.’” Id. at455456.
Indeed, the notice requirement of §17B is not jurisdictional at all, but is a “condition precedent” to a deficiency action. Framingham Sav. Bank v. Turk, 40 Mass. App. Ct. 384, 386 (1996). Maintenance of a deficiency action in the absence of that condition precedent is a violation of statute, but not such a violation as rises to the level of a denial of due process. Any mistake by the judge in applying §17B would have been in that “category of errors considered not to be of a sufficient seriousness as to amount to a total want of jurisdiction but which would be subject to reversal on direct appeal.” O’Dea v. J.A.L., Inc., supra at 456.
The defendants’ motion for relief from judgment under Rule 60(b)(4) was, therefore, properly denied.
2. The defendants also challenge the denial of their motion for relief under the first clause of Rule 60(b) (5) which permits the court to vacate a judgment if “the judgment has been satisfied, released or discharged....” While this remedy appears to be “rarely of use,” Fidelity Trust Co. v. Brennan, 1993 Mass. App. Div. 230, 232, there is some authority for the proposition that a discharge in bankruptcy may constitute Rule 60(b) (5) grounds for relief from judgment Salloway v. Wood, 1994 Mass. App. Div. 219, 222 n. 7, citing J.W. SMITH & H.R ZOBEL, RULES PRACTICE, §60.12 (1977).
In the instant case, the defendants argue not that this judgment has been “satisfied, released or discharged,” but that the debt on which it was based was discharged in bankruptcy before this action was commenced. In entering summary judgment for BayBank, however, the trial court implicitly ruled that the defendants’ mortgage debt had not been discharged. As noted, the defendants did not appeal that ruling and judgment Like its companion subsections of Rule 60, “Rule 60(b) (5) may not be used as a substitute for appeal.” Reporters’ Notes, Mass. R Civ. R, Rule 60. See also, Bankers Mortg. Co. v. United States, 423 F.2d 73, 77 (5th Cir. 1970); Fidelity Trust Co. v. Brennan, supra at 233. Moreover, unlike that under Rule 60 (b) (4), “relief from judgment pursuant to Rule 60(b) (5) rests solely within the discretion of the motion judge.” Id. at 232. Given the defendants’ failure to appeal the trial court’s summary judgment, we cannot say that the motion judge abused his discretion in denying relief under Rule 60(b) (5).
Appeal dismissed.

 While the parties dispute whether the defendants had notice of, and were present at, the summary judgment hearing, there is no suggestion that the defendants did not have notice of the court’s Rule 56 decision which they did not appeal.

 As the defendants’ brief is devoid of any argument under Rule 60(b) (6), that ground for relief is deemed waived. Dist./Mun. Cts. R. A. D. A., Rule 16(a) (4). See generally, Travenol Labs., Inc. v. Zotal, Ltd., 394 Mass. 95, 97 (1985); McGinnis v. Aetna Life & Cas. Co., 20 Mass. App. Ct. 619, 622 (1985).