Coven, J.
Capital One Bank (USA), NA (“Capital One”) has appealed the dismissal of its action against Michelle McAndrews (“McAndrews”) to enforce an alleged credit debt owed by McAndrews pursuant to a revolving credit account. The case was dismissed for Capital One’s failure to comply with a discovery order of the trial court. In her answer to Capital One’s complaint, McAndrews did not deny that she entered into a revolving credit agreement with Capital One. Rather, she disputed that she owed the $3,600.44 amount claimed. We reverse the judgment of dismissal.
After McAndrews’ alleged default, Capital One filed this action on June 22, 2010 to collect credit advances, interest, and service charges posted to McAndrews’ credit account between November 10, 2003 and April 2, 2009. On October 7, 2010, McAndrews sent Capital One’s counsel a comprehensive production of documents request. Capital One responded on November 8,2010. McAndrews was not satisfied with the response and, on December 18,2010, sent Capital One a second request for production of documents. Specifically, McAndrews sought: (1) the credit agreement that stated the interest rate, grace period, and terms of repayment, and (2) itemized statements. McAndrews claimed that Capital One’s production of a 2005 boilerplate agreement and a one-minute credit application form, which she had signed and dated on November 3, 2003, did not comply with her discovery request; and that Capital One omitted itemized statements from September, 2006 to August, 2008.
On January 28, 2011, at the parties’ pretrial hearing, the court entered an order that if Capital One did not fully respond to McAndrews’ discovery requests by February 28,2011, a default would be entered against Capital One. The court noted that discovery had been outstanding since October, 2010 and that there was no reason for Capital One’s failure to respond. Capital One produced all billing statements issued from November, 2003 through March, 2009. Capital One also produced a history of all payments that were made from April, 2009 through August, 2010. In a con-clusory written motion, McAndrews claimed that Capital One’s response remained “evasive” and requested a default. After hearing, a default was entered.[1]
*36 Although Mass. R. Civ. P. 37(d) permits a range of sanctions, up to and including default and dismissal, for failing to comply with discovery orders, “[t]he ultimate sanction of default or dismissal is... generally appropriate only in ‘measurably aggravated circumstances,’ Diamond v. Hanover Ins. Co., 1994 Mass. App. Div. 200, 202, involving repeated or blatantly egregious conduct.” AT&T Universal Card Servs. Corp. v. Reynolds, 1996 Mass. App. Div. 219 (1996). While
the proper penalty to be imposed in each case rests within the broad, but not unfettered, discretion of the trial judge[,] [d]ismissal (or default) is clearly the most severe sanction which can be imposed for the violation of a discovery order, and should never serve as the penalty of first resort. A trial court is not only authorized, but obligated, to consider conscientiously the utility of lesser, appropriate sanctions. ... No dismissal (or default) entered without a prior, careful balancing of the competing interest of affording the plaintiff his day in court and of effectively preserving the defendant’s right to necessary discovery can ever be equated with a sound exercise of judicial discretion (citations omitted).
Diamond, supra at 202.
We discern no conduct on the part of Capital One that would have warranted the ultimate sanction imposed in this case. At best, Capital One produced a 2005 credit agreement that purports to control obligations under the revolving credit agreement established in 2003. McAndrews did not assert as a defense that she did not apply for the credit account; as stated in her answer, her defense related solely to the amount owed.[2] Notwithstanding the provision of Capital One’s periodic billing statements disclosing interest rates, payment due dates, and minimum balance due and McAndrews’ continued use of the credit extension with this knowledge, and for whatever value the lack of a 2003 agreement may have concerning the interest rate, grace period, and terms of repayment, the default and dismissal of the complaint based upon a failure of Capital One to produce a 2003 agreement was error.[3] ■
*37 McAndrews also suggests that Capital One failed to comply with the discovery order by furnishing documents that showed “discrepancies,” some of which were undated. The evidentiary value of the documents is atrial issue. Documents relevant to the request were produced. McAndrews has not directed this Division’s attention to any case that holds that discovery sanctions, in these circumstances, are to be measured against the evidentiary weight that the requesting party demands.
Finally, in addition to Capital One’s contract theory of recovery, the complaint also asserts a theory of recovery based on quantum meruit. Capital One argues that it was error to dismiss this theory of recovery. It does not appear that the motion judge distinguished between the contract theory and quantum meruit theory when issuing the dismissal sanction for the asserted discovery violation. Although “ [r] ecovery in quantum meruit presupposes that no valid contract covers the subject matter of a dispute,” Boswell v. Zephyr Lines, Inc., 414 Mass. 241, 250 (1993), the same documents are relevant to both theories of recovery. See Liss v. Studeny, 450 Mass. 473, 479 (2008), quoting J.A. Sullivan Corp. v. Commonwealth, 397 Mass. 789, 793 (1986) (“Quantum meruit ‘is a claim independent of an assertion for damages under the contract, although both claims have as a common basis the contract itself.’”). In any event, we reverse the order of dismissal in its entirety.[4]
So ordered.

 Capital One filed this expedited appeal pursuant to Dist./Mun. Cts. R. A D. A., Rule 8A As a result, the record does not contain a transcript of hearing arguments.

 In her brief, McAndrews argues that the one-minute credit application form, signed and dated by McAndrews on November 3, 2003, which was produced by Capital One in response to her document request, does not demonstrate the she established a credit account with Capital One. According to McAndrews, because the application does not state that it is a credit application for a Capital One account and that she has “applied for other credit cards during her lifetime,” the application does not serve to establish what it purports to represent. There is no basis for finding that this appellate argument was advanced in the trial court. The position now raised is directly opposite to what McAndrews advanced as a defense in her answer.

 “Lesser, appropriate sanctions including monetary penalties, preclusive orders prohibiting the admission of certain evidence, claims or defenses, and even dismissals without prejudice may be visited upon the offending party or his counsel even where non-compliance with the discovery order was not wilful, in bad faith or the product of any culpable conduct.” AT&T Universal Card Servs. Corp., supra at 221.

 Although generally there can be only one recovery, we observe, but do not rule upon, the possibility of both theories of recovery being applicable in these circumstances where there has not been the production of the 2003 agreement; rather, Capital One has produced a 2005 agreement.