The plaintiffs appeal from the judgment, arguing error in the Superior Court judge's orders (i) striking, pursuant to Mass. R. Civ. P. 37, as amended, 423 Mass. 1406 (1996), affidavits of two former employees of the defendant whose identities the plaintiffs failed to disclose timely; (ii) granting the defendant's motion for summary judgment; and (iii) denying the plaintiffs' cross motion for summary judgment on all of the plaintiffs' claims stemming from the alleged failure by the defendant to provide certain dog care services to their dog, Loomis. We affirm.
Rule 37 sanctions. The plaintiffs contend that because the defendant disclosed the two affiants in its own discovery responses as among the 234 employees of its Chelmsford kennel, the judge erred in striking the affidavits. We review the judge's decision for abuse of discretion. See Partlow v. Hertz Corp., 370 Mass. 787, 790-791 (1976) ; Greenleaf v. Massachusetts Bay Transp. Auth., 22 Mass. App. Ct. 426, 429 (1986). Here, there has been no such abuse. In particular, in May, 2017, the defendant served discovery requests, seeking, inter alia, the basis for the plaintiffs' claims and the evidence on which the plaintiffs intended to rely in support thereof. The plaintiffs failed to respond timely even though the plaintiffs filed the present action in September, 2016, purportedly on the basis of information provided as far back as August, 2016, by certain former employees of the defendant. Having received no discovery responses, the defendant's counsel, at a deposition of the defendant (which occurred prior to the close of discovery), reminded the plaintiffs' counsel of the plaintiffs' failure to produce any documents whatsoever. In July, 2017, the discovery window closed without any responses to the defendant's outstanding discovery requests.
In August, 2017, the defendant moved for summary judgment, noting (again) the plaintiffs' failures to provide any of the requested discovery. Thereafter, the plaintiffs served tardy discovery responses in which the plaintiffs provided evasive and incomplete answers to the defendant's interrogatories.[2] See Mass. R. Civ. P. 37 (a) (3), 365 Mass. 797 (1974). Along with these deficient responses, the plaintiffs produced an August, 2016, declaration of the defendant's former employee, Christy Carr, which did not include any information regarding the plaintiffs' dog. The plaintiffs did not seek an extension of discovery; instead, they cross-moved for partial summary judgment, submitting affidavits from two of the defendant's former employees -- Carr and Tysha Palmer. The plaintiffs had not previously disclosed Palmer, and Carr's affidavit (unlike her untimely disclosed declaration) contained new information regarding the treatment of sixty-three dogs, including the plaintiffs' dog. The plaintiffs provided no reason for their failure to comply with their discovery obligations and did not supplement their discovery responses to identify these witnesses. Instead, the plaintiffs claimed that the witnesses were not a "surprise" to the defendant because they were among the more than 200 employees of the kennel at issue, whom the defendant had previously disclosed in its discovery responses. Furthermore, the plaintiffs blamed the defendant for failing to move to compel the plaintiffs to abide by the rules of discovery. They offered no alternative sanction for the judge to consider; instead, they pressed for summary judgment on the basis of the new information provided by the affiants.
In a well-reasoned decision, the judge explained the basis for his decision to strike the affidavits as a sanction for the plaintiffs' discovery failures, including the plaintiffs' failure (i) to respond timely to the defendants' requests, (ii) to disclose Palmer, (iii) to disclose that Carr (whose declaration had been disclosed, albeit untimely) had information regarding the treatment of the plaintiffs' dog, (iv) to supplement discovery responses, and (v) to seek an extension of discovery to cure the aforementioned deficiencies. On this record, it was not an abuse of discretion to strike the affidavits as a sanction for the wilful[3] failure to respond to the defendant's discovery. See Mass. R. Civ. P. 37 (d), 365 Mass. 797 (1974), and 37 (b) (2) (B), as amended, 390 Mass. 1208 (1984). Nor was it an abuse of discretion for the judge to strike a portion of the plaintiffs' affidavit purporting to rely on the vicarious admission of Carr,[4] whose identity the judge determined the plaintiffs withheld in contravention of their discovery obligations, to the prejudice of the defendant. See Roxse Homes Ltd. Partnership v. Roxse Homes, Inc., 399 Mass. 401, 404 (1987).
The plaintiffs cite to various decisions of courts outside Massachusetts in which a judge exercised his or her discretion differently. None of these cases, however, involve the type of flagrant disregard for the rules of civil procedure engaged in here by the plaintiffs. Moreover, on review, our role is not to determine whether we would have imposed a different sanction; it is sufficient for present purposes that this judge's decision "did not rest on 'whimsy, caprice, or arbitrary or idiosyncratic notions.' " Atlas Tack Corp. v. Donabed, 47 Mass. App. Ct. 221, 225 (1999), quoting Bucchiere v. New England Tel. & Tel. Co., 396 Mass. 639, 642 (1986).
Cross motions for summary judgment. The plaintiffs' arguments regarding the parties' cross motions for summary judgment rest on information contained in the stricken materials. We acknowledge, therefore, that the sanction imposed by the judge was, in effect, the most severe sanction available. See Grassi Design Group, Inc. v. Bank of Am., N.A., 74 Mass. App. Ct. 456, 461 (2009). Yet, we are not here faced with a party who simply could not comply with its discovery obligations. Cf. Gos v. Brownstein, 403 Mass. 252, 256-257 (1988). Nor does the record support a conclusion that the error occurred through counsel's negligence.[5] To the contrary, the judge determined that the plaintiffs shirked their responsibilities to comply with the rules of civil procedure. They (1) withheld the sources upon which they intended to rely in the face of specific interrogatories seeking that information even though at least some of these witnesses had been identified by the plaintiffs before filing their complaint, (2) provided evasive and incomplete answers when they provided their tardy response, (3) failed to supplement their responses, and (4) pressed for summary judgment on the basis of the newly disclosed information and witnesses, prejudicing the defendant, which had no opportunity to depose these witnesses. On this record, we conclude that the sanction was within the range available to the judge. See Partlow, 370 Mass. at 790-791.[6]
Judgment affirmed.

For example, in response to the interrogatory seeking identification of the evidence on which the plaintiffs intended to rely, the plaintiffs stated that they intended to rely on "witnesses" and "documents" without specifying the names of any witnesses even though the plaintiffs had known for at least one year the names of these witnesses. Contrary to the plaintiffs' contention, such evasive answers neither satisfy their discovery obligations nor preclude the judge from imposing sanctions under Mass. R. Civ. P. 37 (d), 365 Mass. 797 (1974).

Although the judge did not use the term "wilful" in his decision, a determination of wilfulness and bad faith was implicit in the judge's findings and conclusion. See Melo-Tone Vending, Inc. v. Sherry, Inc., 39 Mass. App. Ct. 315, 320-321 (1995).

Although the judge stated that "no hearsay exception applies" to Carr's statements to the plaintiffs, the judge appeared to recognize that Carr, who was the "Assistant PetsHotel Leader" of the Chelmsford kennel, "was authorized to act on the matters about which she spoke" and thus her statements can be treated as vicarious admissions of the defendant so long as the probative value of the statements substantially outweighs their potential for unfair prejudice. See Ruszcyk v. Secretary of Pub. Safety, 401 Mass. 418, 420, 423 (1988) ; Mass. G. Evid. § 801(d)(2)(D) (2018).

At oral argument, the plaintiffs' counsel suggested that the discovery failures were a result of miscommunication between the two sets of lawyers representing the plaintiffs; however, as counsel acknowledged, there is nothing in the record to support counsel's newly found explanation.

We deny the plaintiffs' request for appellate attorney's fees.