NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

24-P-1172

STEPHEN STOUTE

vs.

JOSEPH AOUN & others.[1]

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

In December 2021, the plaintiff filed an action against Northeastern University (university) and "its board of trustees."[2]  In August 2022, a judge of the Superior Court dismissed the matter as to the individual defendants and partially dismissed it as to the university.  Later, after the plaintiff failed to appear for a deposition noticed by the university, the university moved for dismissal.  The judge

---

[1] Jeffrey Clarke, Richard D'Amore, Jeffrey S. Bornstein, Edward G. Galante, Joseph M. Tucci, David L. House, Ralph C. Martin, Chaitanya Chet Kanojia, and Northeastern University. The defendants' names are styled as they were in the original complaint.

[2] Northeastern University, in its brief, contends that the named defendants include both present and former trustees.

issued an order of dismissal, and a judgment of dismissal entered in June 2024, from which the plaintiff now appeals. We affirm.

Background. The original complaint alleged that the university committed a breach of a written agreement with the plaintiff regarding his admission to its college of engineering and sought $10,000 in damages. Specifically, the plaintiff alleged that the university agreed to admit him upon his completion of certain coursework, but failed to do so, causing emotional distress, economic losses, and reputational harm. The plaintiff also alleged that he had sent a G. L. c. 93A demand letter to the defendants. The plaintiff served but never filed an alternative version of the complaint, raising claims of race-based discrimination and seeking $20,000 in damages.[3] The served complaint incorporated exhibits, including the alleged written agreement.[4]

The defendants filed a motion to dismiss for failure to state a claim, the plaintiff opposed it, and a hearing was held in July 2022. The judge allowed the motion as to all individual

---

[3] In the exercise of her discretion, the judge considered this amended complaint, and we do the same.

[4] The alleged written agreement was a form denying the plaintiff's admission into the college of engineering and stating that "another review will be conducted upon receipt of evidence of successful completion of [certain] coursework."

defendants and as to the claim of negligent infliction of emotional distress against the university and denied the motion as to the plaintiff's claims of breach of contract, racial discrimination, intentional infliction of emotional distress, and violation of G. L. c. 93A as against the university.

Discovery disputes followed, and the university moved for dismissal pursuant to Mass. R. Civ. P. 37 (d), 365 Mass. 797 (1974), based on the plaintiff's alleged failure to respond to written discovery.  Before this motion was ruled on, the university filed a second rule 37 (d) motion to dismiss for the plaintiff's failure to appear at a scheduled deposition.  The judge allowed this second rule 37 (d) motion to dismiss in June 2024, finding that the plaintiff took the position that he need not appear for a deposition "because it does not take place in a courtroom" and that the plaintiff "underst[ood] the method and purpose of discovery rules" but did not wish to follow them. The judge found that the plaintiff's actions were "willful" and "made in bad faith," where the plaintiff failed to respond to discovery requests after an order compelling him to do so, "sent discovery requests to a judge" "instead of trying to reschedule the deposition," and was unwilling to confer with counsel regarding the discovery disputes, as required by Rule 9C of the Rules of the Superior Court (2023).  The judge concluded that

3

the sanction of dismissal was just and appropriate in the circumstances and dismissed the complaint.

Discussion. We review a dismissal under rule 37 for an abuse of discretion. See Partlow v. Hertz Corp., 370 Mass. 787, 790 (1976). Dismissal is an appropriate sanction where there is a "finding of willfulness or bad faith." Keene v. Brigham & Women's Hosp., Inc., 439 Mass. 223, 236 (2003). The plaintiff argues on appeal that he was not the wrongdoer -- that he was not required to participate in the deposition because it was noticed in bad faith and that he was not required to produce documents because he was never informed "who would cover the cost for reproduction of documents."[5] He also argues that the discovery requests were a "fishing expedition." However, the plaintiff does not elaborate on these points or explain why, for example, the deposition was noticed in bad faith. Nor does the plaintiff support his arguments with reference to support from

---

[5] In his brief, the plaintiff also discusses his attempt to name the defendants' counsel as a defendant, his request for a jury trial, and certain ex parte communications he sent to the judge, which were not responded to, none of which "rise[] to the level of appellate argument" and which are not considered here. Kellogg v. Board of Registration in Med., 461 Mass. 1001, 1003 (2011). See Mass. R. A. P. 16 (a) (9), as appearing in 481 Mass. 1628 (2019) ("[t]he argument shall contain . . . the contentions of the appellant . . . with citations to the authorities and parts of the record on which the appellant relies").

4

the record[6] or legal authority.  See Mass. R. A. P. 16 (a) (9), as appearing in 481 Mass. 1628 (2019).  Based on the arguments and record before us, we discern no reason to disturb the judge's determination that the plaintiff's refusal to participate in discovery was willful and undertaken in bad faith.

Judgment of dismissal affirmed.

By the Court (Hershfang, Hodgens & Smyth, JJ.[7]),

*Paul Little*

Clerk

Entered:  March 13, 2026.

---

[6] In fact, the plaintiff has not provided the court with a record appendix to review his claims, and the only record appendix before us was submitted by the university.

[7] The panelists are listed in order of seniority.