PHILIP MANTONI & another[1] vs.
BOARD OF APPEALS OF HARWICH & another.[2]

No. 91-P-1130.

Suffolk. February 8, 1993. - March 26, 1993.

Present: ARMSTRONG. BROWN. & PORADA. JJ.

*Practice, Civil,* Default. *Attorney General. Zoning,* Validity of by-law or
ordinance.

A judge of the Land Court did not abuse his discretion in denying plain-
tiffs' motion, presented on the day a case was called for trial, for de-
fault judgment and judgment on the pleadings by reason of the defend-
ants' failure to file an answer, where no answer was required for
plaintiffs' claims under G. L. c. 40A, § 17, where the claims presented
under G. L. c. 240, § 14K, were of public importance and the content
of the defendants' answer was readily predictable, and where all other
claims requiring an answer were dismissed at the outset of the trial.
[274-275]
In a proceeding brought under G. L. c. 240, § 14A, challenging the valid-
ity of provisions of a town's zoning by-law, a judge of the Land Court
incorrectly dismissed plaintiffs' constitutional claims for failure to no-
tify the Attorney General, where there was no requirement that the
Attorney General be given notice of a proceeding under that statute.
[275-276]
A judge of the Land Court correctly determined that zoning by-law provi-
sions defining a retaining wall as a structure and applying the setback
provisions in the by-law to retaining walls as structures were not in
conflict with the zoning objectives of G. L. c. 40A. [276]

CIVIL ACTION commenced in the Land Court Department
on October 6, 1988.

The case was heard by *Robert V. Cauchon,* J.

The case was submitted on briefs.

*Edward D. Friedman & Larry D. Doores* for the plaintiffs.
*James M. Falla* for the defendants.

_____

[1] Susan Mantoni.
[2] Town of Harwich

PORADA, J.. Pursuant to G. L. c. 40A, § 17, and G. L. c. 240, § 14A, the plaintiffs filed a complaint in the Land Court appealing the denial by the board of appeals of Harwich (board) of a variance from the provisions of the Harwich zoning by-law (by-law), which prohibited the erection of a retaining wall within the ten-foot yard setback. They also sought a declaration that those provisions of the by-law which included a retaining wall within the definition of "structure," § II, and prohibited construction of such a wall within the ten foot setback, § VI (D)(7), were invalid as enforced against them in a discriminatory manner. The Land Court judge affirmed the denial of the variance by the board, declared that the contested provisions of the by-law were valid, and dismissed the plaintiffs' constitutional claims because of lack of notice to the Attorney General. In this appeal, the plaintiffs do not contest the judge's findings that the plaintiffs failed to establish the statutory prerequisites for the grant of a variance under G. L. c. 40A, § 10. Instead they claim that the judge erred in refusing to allow their motions for a default judgment and judgment on the pleadings; in dismissing their constitutional claims; and in declaring the contested provisions of the by-law valid. We affirm that portion of the judgment under G. L. c. 40A, § 17, denying the variance, but reverse that portion of the judgment under G. L. c. 240, § 14A, dismissing the constitutional claims and remand for further proceedings in the Land Court.

1. *Motion for default judgment.* The plaintiffs filed motions for default judgment and judgment on the pleadings, because the defendants failed to file an answer to the plaintiffs' complaint. The motions were presented to the trial judge on the day the case was called for trial. The trial judge denied the motions, gave the defendant seven days to file an answer to the claims under G. L. c. 240, § 14A, and ordered the case to proceed to trial. There was no error.

No answer was required for the appeal from the denial of the variance. G. L. c. 40A, § 17. An answer was required for the claims under G. L. c. 240, § 14A, but a judge has discretion whether to allow a judgment by default. See

Mass.R.Civ.P. 55(c), 365 Mass. 823 (1974). *Riley* v. *Davison Constr. Co.*, 381 Mass. 432, 441-442 (1980). *Greenleaf* v. *Massachusetts Bay Trans. Authy.*, 22 Mass. App. Ct. 426, 429 (1986). We find no abuse of discretion where: the plaintiffs waited until the assigned trial date to present the motions, the judge dismissed all constitutional claims at the outset of the trial, the claims presented were of public importance, and the content of the defendants' answer was readily predictable.

2. *Dismissal of constitutional claims.* In rendering his decision, the judge dismissed the plaintiffs' claims challenging the constitutionality of the by-law provisions, as applied to their property and as enforced by town officials. The judge's dismissal was based on the ground that the plaintiffs had failed to give notice of the proceeding to the Attorney General. The judge opined that when a plaintiff asserts constitutional claims, notice of the proceedings must be given to the Attorney General under G. L. c. 231A, § 8, whether the proceeding is brought under G. L. c. 231A or G. L. c. 240, § 14A.

A landowner who seeks to challenge the validity of a zoning by-law where there is an actual controversy may bring a proceeding in the Land Court under G. L. c. 231A or under G. L. c. 240, § 14A. *Woods* v. *Newton*, 349 Mass. 373, 376-377 (1965). "If the party seeks to involve a question of constitutionality in the declaratory judgment proceeding, 'the attorney general shall also be notified of the proceeding.' " *Gamache* v. *Acushnet*, 14 Mass. App. Ct. 215, 223 (1982), quoting from G. L. c. 231A, § 8, inserted by St. 1945, c. 582, § 1. There is no requirement, however, that the Attorney General be given notice of a proceeding under G. L. c. 240, § 14A. Since G. L. c. 231A was inserted by St. 1945, c. 582, § 1, eleven years after G. L. c. 240, § 14A, was inserted by St. 1934, c. 263, § 2, we conclude that no notice to the Attorney General is required. Although this may elevate form over substance, "[i]t is the function of the court to construe a statute as written and an event or contingency for which no provision is made does not justify judicial legislation." *Pru-*

*dential Ins. Co.* v. *Boston*, 369 Mass. 542, 547 (1976). *Fahey* v. *Rockwell Graphic Sys., Inc.*, 20 Mass. App. Ct. 642, 658 (1985). If the Legislature through inadvertence failed to amend G. L. c. 240, § 14A, to provide a requirement of notice to the Attorney General when a constitutional claim is made, then it is the Legislature that must correct this omission. See *Fahey* v. *Rockwell Graphic Sys., Inc.*, 20 Mass. App. Ct. at 657. Since the plaintiffs' complaint was brought under G. L. c. 240, § 14A, the constitutional claims should not have been dismissed.

3. *Validity of by-law under G. L. c. 40A.* Although the judge dismissed the constitutional challenges to the contested provisions of the by-law, the judge concluded that the by-law provisions defining a retaining wall as a structure and applying the setback provisions in the by-law to retaining walls as structures were not in conflict with the zoning objectives of G. L. c. 40A. Since every presumption is to be indulged in favor of the by-law, *Addison-Wesley Publishing Co.* v. *Reading*, 354 Mass. 181, 185 (1968), and the burden lies with the plaintiffs to prove the contrary, *Sturges* v. *Chilmark*, 380 Mass. 246, 256 (1980), there was no error.

In sum, we affirm so much of the judgment as upholds the denial of the variance by the board and declares that § II and § VI(D)(7), in so far as they define a retaining wall as a structure and require such structures to conform to the setback requirements of the by-law, are not in conflict with the zoning objectives of G. L. c. 40A. We reverse so much of the judgment as dismissed the constitutional claims and remand those claims to the Land Court for further proceedings.

*So ordered.*