Curley, J.
Now comes the Plaintiff in the above-entitled action and moves that the Court either waive or stay the $120.00 civil litigation fee recently assessed on the following grounds:
1. The Plaintiff has actively pursued this matter since suit was filed. There appears to be a delay in the ability of the Court system to provide a trial on this matter and other suits pending.
2. The litigants have no control over the available Court dates or other events that backlog the court system. Where a litigant is punished by a time frame that can be triggered by the court system’s inaction then it may be unconstitutional. Logan v. Zimmerman Brush Co., U.S. Supreme Ct. 455 U.S 422 (1982).
3. The civil litigation fee constitutes arbitrary state action in that Plaintiffs are chosen for penalty as opposed to Defendants. The imposition of the fee on just Plaintiffs is arbitrary and capricious. Murphy v. Commissioner of the Department of Industrial Accidents, 415 Mass. 218, 227, 612, N.E.2d 1149 (1993), citing Lindsey v. Normet, 405 U.S. 56, 77, 92 S.Ct. 862, 876, 31 L.Ed.2d 36 (1972).
4. A stay of the fee pending judicial determination of its fairness and constitutionality would not work a detriment to either party or the Court system.
I have pending before me now unopposed motions in twelve different cases to waive or stay the “annual civil litigation fee” assessed by the clerk’s office pursuant to St. 2003 c. 26, Section 502 (“the Fee”). The motions are essentially identical. My decision will be identical in each case, and, for ease of reference, I will *308 refer to the movant as the “Plaintiff' even though in some cases more than one plaintiff is involved.
In essence, the Plaintiff seeks to have the Fee declared unconstitutional as a matter of law. The Fee is assessed as a ministerial act by the clerk’s office in eveiy case falling under the time constraints set forth in the statute. It is not a “case specific” assessment in that it depends on the particular allegations or defenses in any individual case, nor is the challenge case specific.
Accordingly, it seems to me, this challenge to the Fee should be construed as a claim for declaratory relief under G.L.c. 231A, to be brought as an independent action against either the entity assessing the Fee, i.e., the clerk’s office, or some other entity, rather than by way of a motion in the underlying case. An action for declaratory and injunctive relief, rather than litigation in the underlying case, appears to have been the path followed in the (successful) challenge to the fee that an employee had to pay to appeal an administrative judge’s denial of workers’ compensation benefits if the matter involved a medical issue and if the employee wished to proceed. See Murphy v. Commissioner of the Department of Industrial Accidents, 415 Mass. 218, 219 (1993). Other cases have been construed to be, in essence, declaratory judgment actions as well. Cf., Crooker v. Superintendent, Massachusetts Correctional Institution, Norfolk, 19 Mass.App.Ct. 315, 316 (1985). That approach makes sense here as well.[1]
For these reasons, the motion is DENIED without prejudice.[2]

My sua sponte decision that an action for declaratory judgment is the proper procedural mechanism here is fraught with uncertainty, and perhaps warrants a more extended consideration of that form of relief. But at least one hallmark of declaratory relief is that it does not lie “where the claims raised in the plaintiffs complaint could have been addressed during the ordinary trial and appellate process in the underlying case.” Longval v. Superior Court Department of the Trial Court, 437 Mass. 1018, 1018-19 (2002) (rescript) (footnote omitted). Here, it is unlikely that, if I denied the relief sought, the decision would proceed in the ordinary appellate process because, if the Fee is not paid, the statute requires that the court shall, after notice, dismiss the case. While the Plaintiff presumably could appeal that dismissal, if the dismissal were upheld the Plaintiff may have lost the right to pursue the case. As a practical matter, then, the Plaintiff, if denied the relief sought in this motion, would have little choice but to pay the Fee, thus making it unlikely that the ordinary appellate process would follow. The consequences of not paying the Fee would also create an issue, as Stated in mootness cases, “capable of repetition yet evading review." Finally, as demonstrated by the fact that all twelve motions are unopposed, absent a proceeding for declaratory relief, there would be no adversary, no real party in interest, to contest the motion. While the Attorney General must be notified and is entitled to be heard concerning any declaratory judgment action challenging a statute’s constitutionality, G.L.c 231A, Section 8, such notice is not required if the challenge arises, as here, in a different context. See Mantoni v. Board of Appeals of Harwich, 34 Mass.App.Ct. 273, 275-76 (1993).

If the Plaintiff in this case seeks declaratory relief, or if such relief is sought by another plaintiff, the Plaintiff here may of course seek to stay imposition of the Fee pending the outcome of the declaratory judgment proceeding.