Welsh, J.
This is an action to enforce a Connecticut judgment against Edwin Kra-senics (“Krasenics”). The complaint alleges that Krasenics fraudulently transferred title to a parcel of land for a nominal consideration to a trust (“LDCK”) of which his wife was trustee. Relief was sought under the Uniform Fraudulent Transfers Act (“UFTA”); G.L.c. 109A The trial court allowed the plaintiffs’ claim for enforcement of the Connecticut judgment against Krasenics, and awarded damages in the sum of $69,313.80, plus interest. The court denied relief under UFTA however, on the ground that the plaintiffs’ action was filed before the April 1, 2002 effective date of the civil one-trial system in Barnstable County. St. 2002, c. 70, §20. Thus, the plaintiffs’ action was governed by the former remand-removal system, G.L.c. 231, §§97- *152 107, and the UFTA claim was not within the District Court’s jurisdiction.
A plaintiff who has obtained a judgment that cannot be satisfied because the debtor has fraudulently transferred his assets to a third party has a claim which is cognizable under general principles of equity jurisprudence. Foster v. Evans, 384 Mass. 687, 694 (1981). In District Court actions governed by the former remand-removal system, there was no general equity jurisdiction. Maloney v. Sargisson, 18 Mass. App. Ct. 341, 344 (1984); Mount v. Bay Park Develop., Inc., 1998 Mass. App. Div. 15, 18, aff’d 50 Mass. App. Ct. 1107; M.G. PERLIN & J.M. CONNORS, HANDBOOK of Civil Procedure in the Massachusetts District Court §1.12 (3d ed. 2003). Thus actions under UFTA, or to reach and apply, commenced before the effective date of the civil one-trial system were not within the jurisdiction of the District Court Department. See Ryan v. Kehoe, 408 Mass. 636, 641 (1990) (Housing Court lacks general equity jurisdiction and cannot, therefore, adjudicate fraudulent conveyance claims under G.L.c. 109A). Compare Ravnikar v. Bogojavlensky, 438 Mass. 627, 632-634 (2003) (in District Court cases under civil one-trial system, equitable relief may be granted if ancillary to money damage claim).
Appellate courts are empowered to resolve issues of subject matter jurisdiction whether or not the issue is raised by a party to the action. Commissioner of Corp. & Tax. v. Chilton Club, 318 Mass. 285, 287 (1945); Bonfatti v. Zoning Bd. of Appeals of Holliston, 48 Mass. App. Ct. 46, 50 (1999). The trial judge was also authorized to consider the issue sua sponte and, in our opinion, correctly concluded that the court lacked jurisdiction to afford G.L.c. 109A relief. See Salloway v. Wood, 1994 Mass. App. Div. 219, 221 (Mass. R Civ. R, Rule 69, authorizing proceedings against non-parties to enforce judgment, does not enlarge the District Court’s jurisdiction so as to include claims to reach and apply or for UFTA relief). Parties cannot by agreement confer subject matter jurisdiction. MacDougall v. Acres, 427 Mass. 363, 370 (1998); Bergeron v. Bergeron, 287 Mass. 524, 526 (1934).
The appeal is dismissed.
So ordered.