IRENA GOS *vs.* FREDRIC BROWNSTEIN & another.[1]

Hampden.  May 2, 1988. — August 17, 1988.

Present: HENNESSEY, C.J., WILKINS, NOLAN, LYNCH, & O'CONNOR, JJ.

*Practice, Civil*, Deposition, Counsel fees, Dismissal, Intervention, Judicial discretion.

A notice of an appeal from an order of a single justice of the Appeals Court pursuant to G. L. c. 261, § 27D, affirming a Superior Court judge's denial of motions seeking the court's payment of expenses relating to the taking of a deposition, along with related filings, was properly removed from the docket for the reason that § 27D expressly provides that the decision of the single justice is final. [254-255]

On appeal from the dismissal, pursuant to Mass. R. Civ. P. 37 (b), of a civil action for plaintiff's failure to attend a deposition, this court, noting that due process requirements may limit the sanction of dismissal if a plaintiff is unable to comply with an order for discovery, vacated that part of an order which dismissed the action and remanded the case for further proceedings, where it did not appear on the record whether the dismissal was predicated on a finding by the judge that the plaintiff's failure to attend was a product of wilfulness, bad faith, or fault. [255-257]

CIVIL ACTION commenced in the Superior Court Department on November 3, 1982.

The case was heard by *John F. Moriarty*, J.

The Supreme Judicial Court on its own initiative transferred the case from the Appeals Court.

*Louis Kerlinsky* for the plaintiff.

*Felicity Hardee* for Valley Obstetrical & Gynecological Associates.

*Melinda Phelps*, for Frederic Brownstein, was present but did not argue.

LYNCH, J. The plaintiff appeals from the dismissal of her medical malpractice action for failure to attend a deposition,

---

[1] Valley Obstetrical & Gynecological Associates.

and from the denial of her application pursuant to G. L. c. 261, § 27C (1), for payment of transportation expenses of the defendants' counsel to be incurred in taking the plaintiff's deposition in Poland. We transferred the case here on our own motion. We vacate that part of the order which dismissed the action and remand the case for further proceedings.

The plaintiff, Irena Gos, is a resident of Poland who, on November 6, 1979, while visiting her sister in Springfield, Massachusetts, underwent a laparoscopic tubal ligation. The surgery was performed by the defendant doctor, then an employee of defendant Valley Obstetrical & Gynecological Associates (Valley). Gos returned to Poland on November 19, 1979, where she has since resided.

On November 3, 1982, Gos filed suit against Dr. Brownstein and Valley alleging, inter alia, that she became pregnant in August, 1980, underwent an abortion on October 21, 1980, and thereby suffered physical, emotional, and economic damages. Among the various theories of recovery are counts alleging negligence and breach of contract.

On September 16, 1985, Dr. Brownstein noticed the plaintiff's deposition. Gos moved, on September 24, 1985, for a protective order on the grounds that she was without funds to travel from Poland, and was then under psychiatric care in a mental institution. After a hearing in the Superior Court the judge took no action on the motion, but allowed Gos two months in which to provide affidavits concerning her health and claim of indigency.

A second hearing on the plaintiff's motion for a protective order was held before another judge on December 5, 1985. Based upon an affidavit attesting that Gos had recently been discharged from the hospital, the judge allowed the plaintiff's motion with the proviso that the case was "to be dismissed if plaintiff is not deposed within six (6) months." The plaintiff filed an objection to this order on December 18, 1985.

On May 20, 1986, the plaintiff moved for an extension of the six-month period on the ground that she was unable to obtain a visa to enter the United States. After a hearing, the judge, in a memorandum and order dated June 11, 1986, ex-

tended the protective order until December 5, 1986, and stated that the plaintiff had "one more opportunity to make herself available to be deposed in this county or to provide the defendants with a reasonable and effective alternative."

On November 21, 1986, the plaintiff requested a further extension in another motion for a protective order, citing collateral litigation aimed at compelling issuance of a visa. This motion was followed, on December 1, 1986, by a motion entitled "Plaintiff's motion that the defendant's [*sic*] take the deposition of the plaintiff in Poland," in which the plaintiff requested that the Commonwealth pay travel expenses of the defendants' attorney, and a motion to allow her affidavit of indigency, pursuant to G. L. c. 261, § 27. On December 22, 1986, the judge denied the plaintiff's motions and dismissed the action.[2]

Pursuant to G. L. c. 261, § 27D, the plaintiff appealed to a single justice of the Appeals Court from the denial of her motions seeking court payment of deposition-related expenses. The single justice affirmed the judge's order without a written opinion. The plaintiff then attempted to appeal that order of the single justice to the Appeals Court. The notice of appeal and related filings were struck from the docket for the reason that G. L. c. 261, § 27D, expressly provides that the decision of the single justice is final.

We first consider briefly the plaintiff's appeal from the denial of her G. L. c. 261, § 27D, motion. It is settled that the decision of a single justice of the Appeals Court, affirming a judge's denial of a motion for funds, is final under G. L. c. 261, § 27D. *Commonwealth* v. *Pope*, 392 Mass. 493, 502 (1984).

The plaintiff's reliance on *Commonwealth* v. *Lockley*, 381 Mass. 156, 159-160 (1980), is misplaced. She alleges that she

---

[2] In denying the plaintiff's motion for deposition-connected expenses, the judge characterized the plaintiff's claims as ones for wrongful birth, and, therefore, as we read the order, claims of dubious merit. While we do not otherwise express any opinion as to the strength of the plaintiff's claims, we point out that the complaint adequately states a claim based upon theories other than wrongful birth.

was never informed by the judge of her right to appeal. The contention is irrelevant where the plaintiff did, in fact, appeal and, accordingly received all the appellate review to which she was entitled. Nor are we presented with any other reason why the plain meaning of the statute should not control its construction. Contrast *Commonwealth* v. *Souza*, 397 Mass. 236, 240 n.5 (1986).

We turn now to the issues presented by the dismissal of the action. The plaintiff contends that, where her failure to give her deposition has been "due to inability, and not to willfulness, bad faith, or any fault," *Societe Internationale Pour Participations Industrielles et Commerciales, S.A.* v. *Rogers*, 357 U.S. 197, 212 (1958), dismissal of her suit was unconstitutional. The defendants' position is that the severe sanction of dismissal was ordered pursuant to, and was a permissible exercise of, discretion under the court's inherent power to manage the case. They argue further that dismissal would have been justified as a sanction either for failure to prosecute, Mass. R. Civ. P. 41 (b), or failure to comply with an order to provide discovery, Mass. R. Civ. P. 37 (b), as appearing in 390 Mass. 1208 (1984). Whether the order is examined as an exercise of inherent authority or as a sanction imposed in accordance with the rules of civil procedure, we are unable to conclude on this record that dismissal of the plaintiff's action was justified. We, therefore, remand the case for further proceedings.

It is within the limits of due process to dismiss a complaint because of a petitioner's noncompliance with a pretrial production order where the failure to comply is not due to an inability to comply. *Societe Internationale* v. *Rogers, supra* at 212. *Roxse Homes Ltd. Partnership* v. *Roxse Homes, Inc.*, 399 Mass. 401, 406 n.7 (1987). It must be kept in mind, however, that due process places limits "upon the power of courts, even in aid of their own valid processes, to dismiss an action without affording a party the opportunity for a hearing on the merits of his cause." *Societe Internationale* v. *Rogers, supra* at 209. The same considerations pertain in the context of involuntary dismissal for failure to prosecute. See *Link* v. *Wabash R.R.*, 370 U.S. 626, 636 (1962), quoting *Societe Internationale* v.

*Rogers*, *supra* at 211 (no abuse of discretion where case was not one "in which failure to comply with a court order 'was due to inability fostered neither by . . . [petitioner's] own conduct nor by circumstances within its control' "). In view of those constitutional constraints, the Supreme Court has construed Fed. R. Civ. P. 37 (b) as not authorizing dismissal for noncompliance with a pretrial production order when it has been established that failure to comply has been due to an inability to comply and not wilfulness, bad faith, or any fault of petitioner. *Societe Internationale* v. *Rogers*, *supra* at 212.

Neither Fed. R. Civ. P. 37 (b), nor Mass. R. Civ. P. 37 (b) requires that a party's failure to comply with a court order be wilful before sanctions may be imposed. Effective January 1, 1984, Mass. R. Civ. P. 37 (b) was amended to be consistent with Fed. R. Civ. P. 37 (b), upon which it was patterned. See 390 Mass. 1208 (1984). That amendment eliminated the requirement that sanctions be based on a wilful failure to comply, in order "to increase compliance with discovery orders, by making it easier for parties to achieve, and judges to award, sanctions for the failure to comply with a discovery order." Reporters' Notes to Mass. R. Civ. P. 37, Mass. Ann. Laws, Rules of Civil Procedure at 18 (Supp. 1988). The sanction of dismissal, however, requires more careful scrutiny.

In *Roxse Homes Ltd. Partnership* v. *Roxse Homes, Inc.*, *supra* at 406 n.7, we noted that "[a] wilfulness finding is required for imposing sanctions under rule 37 (d),[3] for certain failures, such as failing to appear at a properly called deposition." The court noted in addition that rule 37 (b) sanctions

---

[3] It should be noted that, although the judge clearly considered the plaintiff to be in violation of a court order, there is a strong argument that the protective orders containing the threats of dismissal did not constitute a court order triggering the applicability of Mass. R. Civ. P. 37 (b). See *Stevens* v. *Greyhound Lines, Inc.*, 710 F.2d 1224, 1228 (7th Cir. 1983); 8 C.A. Wright & A.R. Miller, Federal Practice and Procedure § 2289 (1970). Under this view, where the failure is one of failure to appear at a deposition, sanctions would be permitted under rule 37 (d), if there were a clear finding of wilfulness. See *Roxse Homes Ltd. Partnership* v. *Roxse Homes, Inc.*, 399 Mass. 401, 406 n.7 (1987). However, we do not decide whether a protective order such as the one here may, in appropriate circumstances, constitute an order for purposes of imposing sanctions under rule 37 (b).

need not be based upon a wilful failure to comply. Although the sanction imposed on *Roxse Homes* was default, there had been a clear violation of a court order with no attempt to comply or showing of inability to comply. *Roxse Homes*, therefore, did not reach the issue whether dismissal under Mass. R. Civ. P. 37 (b) is permitted on a record with neither a finding nor a clear showing of wilfulness, bad faith, or fault.

Since due process requirements may limit the sanction of dismissal,[4] where there is an inability to comply, we conclude that it is necessary for an appellate court to know if the judge's action was predicated on a finding of wilfulness, bad faith, or fault, unless it is clear that such a determination was implicit and warranted.[5] Cf. *Monahan* v. *Washburn*, 400 Mass. 126 (1987). Since it does not appear on the record whether any such factor was the basis of the court's action, we remand the case for further proceedings.

It follows from the foregoing that sanctions less severe than dismissal may be imposed without further findings or explication.[6] The order dismissing the action is vacated, and the case is remanded for further proceedings not inconsistent with this opinion.

*So ordered.*

---

[4] We leave open the question whether pretrial discovery sanctions should be controlled exclusively by the provisions of Mass. R. Civ. P. 37, which as to Fed. R. Civ. P. 37 is the case in the Federal system. See *Societe Internationale, supra* at 206-207. *Imprescia* v. *Imprescia*, 392 Mass. 101, 104 n.3 (1984).

[5] In *Greenleaf* v. *Massachusetts Bay Transp. Auth.*, 22 Mass. App. Ct. 426, 430 (1986), the Appeals Court concluded that the imposition of the sanction of default, pursuant to Mass. R. Civ. P. 37 (b) (2), does not require a showing that the opponent's failure to comply with a discovery order was wilful. It is important to note, however, that in *Greenleaf* there was such a showing.

[6] Nor is the court precluded from dismissing the action if, on remand, it determines that sanction to be appropriate.