Hurley, J.
The plaintiff claimed a report from a judge’s order of dismissal as a sanction for failure to comply with certain discovery orders. We find no error and dismiss the report.
In early 1991, the plaintiff brought this action for negligence and breach of warranty to recover for economic losses to his business suffered as a result of the improper functioning of a machine he purchased from the defendant in 1989. The defendant denied liability and answered further that any losses suffered by any of the plaintiff’s customers had been satisfied in full. For discovery, the defendant filed interrogatories addressed to plaintiff, a request for production of documents and a request for admissions. A chronology of events is necessary to place the judge’s decision to dismiss in proper context. From the report we learn that the plaintiff filed his answers to interrogatories six months after they were served upon him. Prodding by application was necessary. No response was forthcoming to the request for documents. After further delay the defendant resumed the chase utilizing a motion to compel discovery. After hearing the judge allowed the motion and ordered the plaintiff to provide discovery within sixty days. No argument is advanced that this order was unreasonable in the circumstances of this case. Twenty-two months later the defendant filed a motion for dismissal or other sanctions. This motion was heard one week prior to the date scheduled for trial. Further answers to interrogatories, ordered February 11,1992, were filed eleven days prior to the trial date of January 13, 1994. The report presents that the further answers continue the same pattern of resistance to disclose non-privileged and court ordered discovery. Digesting the record and pattern disclosed to him the judge dismissed the case by stating, “I find that plaintiff has failed to comply with Order of 2/11/92 compelling production of documents and answers to interrogatories; that no such response has been filed with this court to date; that plaintiff filed an intended response with defendant on December 30,1993 which is not responsive to the order of 2/11/92.”
The plaintiff urges us to view the judge’s determination as an abuse of discretion. He presents his position that the answers that were filed were responsive to the request and effectively gave the defendant everything the plaintiff knew about his claim: three years of income, income tax returns, customer disclosure. The plaintiff’s position is that he did not evade his obligations to respond so that other less drastic sanctions were appropriate.
Dist./Mun. Cts. R. Civ. R, Rule 37(b) (2) (c) provides in part that a judge may dismiss an action or default a party who “fails to obey an order to provide or permit discovery. ...” It is within the trial judge’s discretion to choose which sanction *200 authorized is the most just response to the circumstances confronting the court. The standard of review, whether the judge abused that discretion, is familiar. Indeed, the Supreme Judicial Court and the Appeals Court have developed patterns of acceptable line drawing by trial judges. In reviewing those standards and applying them to the judge’s determination in this case, we find no error. In Roxse Homes Limited Partnership v. Roxse Home, Inc., 309 Mass. 401 (1987), the Supreme Judicial Court upheld a default judgment against a defendant for failure to provide discovery or comply with a discovery order. The lower court’s determination “was well within his discretion.” Supra, at 405. In this case no response has been filed to the request for documents. On the eve of trial no explanation for noncompliance was proffered and the judge determined, after hearing, that the defendant’s ability to prepare for trial was adversely impacted by the lack of disclosure. The delay in responding was extreme. In scheduling cases for trial the court’s ability to forecast is compromised by inattention by the parties to self-executing discovery processes. In the circumstances of this case, court intervention should not have been necessary.
While it is preferable that cases be determined on the merits, see Gos v. Brownstein, 403 Mass. 252 (1988), the judge in this case did not abuse his discretion in ordering dismissal for failure to comply with the discovery orders.
The report is dismissed.