Lauriat, J.
George Manos and Marcelina Manos brought this action against Kerivan Lane, Inc. (“KLI”) and the Merrimac Mutual Fire Insurance Co. for property damages arising from KLI’s alleged negligent installation and maintenance of plumbing and heating units in the Manoses’ house in Natick, Massachusetts, and for Merrimac’s alleged failure to settle fairly and promptly the Manoses’ property damage claims arising from the alleged failure of the plumbing and heating units.
On or about September 26, 2000, KLI propounded sets of interrogatories to George Manos and to Marcelina Manos. On December 20, 2000, the Manoses served their responses to those interrogatories. On January 2, 2001 and again on April 19, 2001, the Manoses served supplemental responses to KLI’s interrogatories. On May 7, 2001, counsel for KLI conferred with counsel for the Manoses in an effort to obtain further answers to KLI’s interrogatories, apparently without success.
On May 29, 2001, KLI filed Motions To Compel Full And Complete Answers To Interrogatories from George Manos and from Marcelina Manos. On that date, the court (Gershengorn, J.) allowed KLI’s motions and ordered that further answers to KLI’s interrogatories be provided within 30 days. KLI now asserts that the Manoses have failed to comply with the court’s order in that the supplemental answers provided by the Manoses are not complete and are simply restatements of their original answers. Accordingly, KLI has *639 moved, pursuant to Mass.R.Civ.P. 37(b)(2)(C), to dismiss the claims brought against it by the Manoses.
After a hearing, and upon review of the Manoses’ answers and supplemental answers to KLI’s interrogatories. the court concludes that their answers are at best incomplete, fail to respond fully or even adequately to KLI’s interrogatories, and do not provide KLI with information that is central to its ability to understand and respond to the Manoses’ claims.
In response to Interrogatory No. 5, which requested details of all conversations that the Manoses had with others about their claims, the Manoses identify six individuals contracted by Merrimac who the Manoses state inspected their residence on March 29, 2000. Although the Manoses state that they had conversations with these individuals at the Manoses' home, they have not provided any information about the nature or substance of any of those conversations. The Manoses’ answers are insufficient and do not comply with the court’s Order of May 29, 2001.
In response to Interrogatory No. 8, which asked the Manoses to "describe fully and in complete detail how the alleged events in your complaint occurred,” the Manoses have responded only that they “reported unusual amounts of steam and noise coming from the steam vents to the defendant, Kerivan Lane,” and they have repeated this statement in response to the court’s order of May 29, 2001. They have failed utterly to describe how, when or under what circumstances the events allegedly occurred, or alternatively, to answer that they did not observe their occurrences. Again, the Manoses’ answers are insufficient and do not comply with the court’s Order of May 29, 2001.
In response to Interrogatory No. 11, which asked for the name, complete description, description of damage, condition and fair market value prior to and after the loss, the cost or expected cost of repair, and the location on the premises of each item of personal property that the Manoses have alleged was damaged, the Manoses have provided only vague and often incomprehensible answers, even after the court’s Order of May 29, 2001. For example, the Manoses state:
“Computer # lFair market value of $5000. After the damages it was inoperable and cannot be repaired.
Computer #2Fair market value of $3000. After the damages it was inoperable and cannot be repaired.
Computer #3Fair market value of $2500. After the damages it was inoperable and cannot be repaired
One box of classic comic book collection valued at over $3,000 . . .
New bedroom set purchased for $2,500."
The Manoses have not provided any description or further identification of any of these items at any time, despite the court’s Order of May 29, 2001. Again, the Manoses' answers are insufficient and do not comply with the court's Order of May 29, 2001.
In response to Interrogatory No. 13, which asked for the date, place and details of each communication that either Manos had with representatives of KLI, the Manoses have answered that they “spoke with Jack Kerivan about heating issues.” Again, the Manoses’ answers are insufficient and do not comply with the court’s Order of May 29, 2001.
In response to Interrogatory No. 14, which asked for a detailed description of the damages to the Manoses house, including exactly what was damaged and a description of all repairs to the house, the Manoses have merely directed KLI to a photocopy of a one-paragraph appraisal report dated February 26, 2000, that purports to identify repairs totaling between $253,500 and $300,000. Again, the Manoses’ answers are insufficient and do not comply with the court’s Order of May 29, 2001.
In response to Interrogatory No. 15, which asked for each plumbing and heating unit problem that the Manoses experienced, the date, a description of the problem, and a description of the repairs, the Manoses have restated their same answer three times, an answer that fails even to begin to respond to the interrogatory, or to the requirements of the court’s Order of May 29, 2001. Again, the Manoses’ answers are insufficient and do not comply with the court’s Order of May 29, 2001.
Despite several efforts by KLI to secure further answers to its interrogatories, including, a number of letters to the Manoses counsel, a number of Rule 9C conferences, a motion to compel and a court order requiring further answers, the Manoses have not provided KLI with basic information necessary to understand the nature of their claim, to prepare a defense, or even to attempt to resolve the dispute. On this basis, the court concludes that the Manoses have, without justification, failed to comply with the court’s Order of May 29, 2001.
Rule 37(b)(2) of the Massachusetts Rules of Civil Procedure provides that:
If a party . . . fails to obey an order to provide . . . discovery, . . . the court. . . may make such orders in regard to the failure as are just, and among others the following:
(B) An order refusing to allow the disobedient party to support . . . designated claims, or prohibiting him from introducing designated matters in evidence;
(C) An order . . . dismissing the action . . .
Effective January 1, 1984, Mass.R.Civ.P. 37 was amended, 390 Mass. 1208, to remove the requirement that sanctions be imposed only upon a finding that a party willfully failed to comply with the court’s orders. *640 This amendment was motivated by a desire that parties “increase compliance with discovery orders by making it easier for parties to achieve, and judges to award, sanctions for the failure to comply with a discovery order.’’Reporter’s Notes to Mass.R.Civ.P. 37. Under the amended rule, discovery sanctions were considered a tool of efficient case management committed to the sound discretion of the trial judge and would be upheld unless the sanctions “were characterized by arbitrary determination, capricious disposition, whimsical thinking, or idiosyncratic choice.” Greenleaf v. Massachusetts Bay Transportation Authority, 22 Mass.App.Ct. 426, 429 (1986). Actions falling short of willful conduct, even those seemingly due to counsel’s “bumbling,” were no longer immune to sanctions. Id. at 430.
Constitutional due process considerations “may limit the sanction of dismissal where there is an inability to comply.” Gos v. Bernstein, 403 Mass. 252, 257 (1988). In such a case, a judge’s actions must be based “on a finding of wilfulness, bad faith, or fault, unless it is clear from the record that such a determination was implied or warranted.” Id. at 257. An implied determination of wilfulness “will be found on a pattern of recalcitrance in violation of court orders and the rules of civil procedure.” Melo-Tone Vending, Inc. v. Sherry, Inc., 59 Mass.App.Ct. 315, 320 (1995). Sanctions less severe than dismissal may be imposed without further findings or explication. Gos at 257.
The key consideration linking analyses under both pre-amendment and post-amendment case law is a party’s ability to comply with the court’s order and its failure to explain its non-compliance.[1] In Partlow v. Hertz Corp. 370 Mass 787 (1976), dismissal of the plaintiff s action was affirmed where the plaintiff failed to provide complete answers to interrogatories, failed to explain why he had not made complete responses, and the necessary information was available to the plaintiff. In those circumstances, the Court determined that ‘jcjompliance with the rules of civil procedure is not accomplished if the parties make of answers to interrogatories some kind of game, and in these days of heavily burdened civil dockets, the courts are not to be expected to be subjected to that type of abuse.” Partlow at 790. Aware of the severity of the sanction of dismissal, the Court nevertheless found the result justified when “occasioned by ... lack of diligence and apparent failure to take seriously the responsibility of conducting litigation in compliance with the rules of civil procedure.” Id. at 790.
In the circumstances of the present case, consideration of the sanction of dismissal is appropriate because an order issued pursuant to Mass.R.Civ.P. 37(b)(2)(B) or pursuant to Mass.R.Civ.P. 37(b)(2)(C) in response to the Manoses’ failure to obey the court’s Order of May 29, 2001, would necessitate the same result. That is, the court could preclude the Manoses from introducing any evidence in support of their claims, thereby effectively ending this action against KLI, or it could order the Manoses’ complaint against KLI dismissed. Although the court is generally reluctant to end litigation on the basis of a party's failure to comply with a discovery order, in this case that remedy is both appropriate and reasonable.
Accordingly, Defendant Kerivan Lane, Inc.’s Motion To Dismiss George Manos’ Complaint For Failure To Comply With Court Order is ALLOWED, and Defendant Kerivan Lane, Inc.’s Motion To Dismiss Marcelina Manos’ Complaint For Failure To Comply With Court Order is ALLOWED. It is further ORDERED, pursuant to Mass.R.Civ.P. 37(b)(2)(C), that the complaint filed by George Manos and Marcelina Manos against Kerivan Lane, Inc. in this action be, and the same is hereby DISMISSED.

 There are pre-amendment cases which consider prejudice to the party seeking discovery a factor in determining the appropriateness of sanctions. See, e.g., Litton Business Telephone Systems, Inc. v. Schwartz, 385 Mass. 1103 (1982). However, post-amendment, “even a lack of prejudice (to the party seeking discovery) will not make sanctions unreasonable.” Roxse Homes Limited Partnership v. Roxse Homes, 399 Mass 401, 406 (1987).