Neel, Stephen E., J.
Plaintiff Network Systems Architects Corporation (NSA) moves, pursuant to Mass.R.Civ.P. 37(b)(2), forjudgment by default against defendants Michael Dimitruk (Dimitruk) and Accunet Solutions, Inc. (Accunet), for an assessment of damages, and for attorneys fees. NSA bases its motion on defendants’ responses, or lack thereof, to the Court’s August 13, 2009, order allowing NSA’s motion to *432 compel discovery (August 2009 Order). After hearing, and for the reasons stated below, the motion will be allowed.
BACKGROUND
On February 19, 2009, NSA filed a “Motion to Compel Discovery and Request for Attorney’s Fees” (motion to compel). That motion requested that the Court compel the defendants “to answer interrogatories, Exhibit A and B,[1] appended, provide documents identified in NSA’s request for documents, Exhibit C,[2] and appear for deposition on the subjects designated notice [sic], Exhibit D,[3] appended.” The motion to compel specifies the portions of each discovery request to which NSA seeks responses.
In the August 2009 Order, the Court allowed NSA’s motion to compel discovery “as to Exhibits A, B, C, and D to the motion . . .” The Court set deadlines of September 18, 2009 for paper discovery, and October 16, 2009 for the Rule 30(b)(6) deposition.
Thus, the August 2009 Order required defendants, by the specified date, to “provide documents identified in NSA’s request for documents” (motion to compel, at 1), and specifically the documents listed on pp. 4-5 of that motion; and required Accunet to provide a Rule 30(b)(6) designee, prepared to testify as to the five topics specified on p. 5 of the motion to compel. As the papers submitted by the parties on the present motion for judgment by default demonstrate, defendants did neither.
1. Document Requests
With regard to documents, what defendants did provide were their “Responses to Plaintiffs Request for Production of Documents and Things,” dated September 16, 2009. Virtually every response to specific requests reads as follows:
Defendant objects to this request as it is overbroad and burdensome, seeks information protected by the attorney/client privilege, seeks documents that are ambiguous and not described with reasonable particularity and seeks proprietary and confidential information of the Defendants. Further answering, there are no other documents than the ones the Plaintiff already has in its possession and from Defendants’ responses to Plaintiffs previous requests.
Breaking that response down into its components, the Court notes as follows.
A. “Defendant objects . . .” Defendant(s) had previously stated, in their Opposition to the Motion to Compel filed February 19, 2009, at l,[4] most of the objections quoted above. When the Court nevertheless allowed the motion to compel in the August 2009 Order, it disposed of those objections, and defendants were therefore required by that Order to “provide documents identified in NSA’s request for documents,” as noted above. The Court’s Order did not permit additional objections.
B. “[T]here are no other documents than the ones the Plaintiff already has in its possession and from Defendants’ responses to Plaintiffs previous requests.” Alan D. Dumas, Accunet’s president and its Rule 30(b)(6) designee, testified at the October 14, 2009 deposition[5] as follows with regard to what records Accunet retains:
Q. . . . And do you keep all of your financial information on your computers?
A. No, we don’t.
Q. Where do you keep that?
A. That is shared between myself and a controller. Q. Okay.
A. And that’s an accounting package that we keep local. We back it up to our server, our own internal server.
Q. So not only do you have a remote service provider, you also have an internal service provider?
A. Uh-huh. No. Internal server.
Q. Internal server. What do you keep on your internal server?
A. We keep various customer information. And as I said we back up our financials through the accounting package that we have to that server.
Q. Customer information and financial records?
A. Uh-huh.
Q. So what if you send an invoice to a client? If it goes by e-mail, then it is going to be on the remote server?
A. Uh-huh.
Q. So on the internal server you keep customer information such as what?
A. We keep customer quotes, you know, vendor information, and anything from company resources that the salespeople can access . . .
Q. And the financial records you keep on the internal server consists of what?
A. On the server it is a backup from our accounting package.
Q. What does the accounting package do?
A. Peachtree Accounting.
A. It’s Peachtree Accounting for businesses. It is just a standard accounting package for companies like Accunet.
Q. And what does Peachtree Accounting do for you?
A. It keeps all of our receivables, our accounts payables, our customer information, everything that an accounting package would do for a business.
*433 Q. Does it keep copies of the invoices too?
A. Yes.
Q. Does it record the payments made by the customers?
A. Yes.
Q. And how do you — when you get a check, do you make a copy of it?
A. The check, we enter the information, we deposit the check in our bank and record the information into the—
Q. Into Peachtree?
A. Accounting package. Correct.
Q. Those records are stored in the internal server, in your office, right?
A. Yes.
Q. And how long do you store it for?
A. Perpetual.
October 14, 2009 Deposition of Accunet, at 11-15.
Comparing Accunet’s deposition answers to its September 16, 2009 response to NSA’s document request (which seeks various price quotes, invoices, correspondence, letters, electronic messages, and other recorded or documented communications with named NSA former clients, suppliers, and 20 separately identified companies), the Court is doubtful that “there are no other documents than the ones the Plaintiff already has in its possession and from Defendants’ responses to Plaintiffs previous requests.”
The accuracy of the Accunet’s response is further undercut by defendants’ arguments in opposition to the present motion:
The Plaintiff continues to seek information that it is not entitled to obtain, cannot use as a matter of law to prove its damages and goes far beyond the scope of any reasonable inquiry or any Court order.
Furthermore, the Defendants have complied with the Order regarding this discovery. NSA is upset because it continues to try to obtain Accunet’s revenue[6] because it is NSA’s only means to compute its damages; however, it is far outweighed by the exposure of Accunet’s confidential and proprietary information to NSA, to which NSA has no right to acquire or review... Damages are not forthcoming from the discovery requests, as NSA seeks superfluous information relating to this litigation.
Defendants’ Opposition, at 2, 13. From the quoted language, the Court concludes that there do exist “other documents than the ones the Plaintiff already has in its possession and from Defendants’ responses to Plaintiffs previous requests." That conclusion is inescapable in light of the following statement in the affidavit of defendants’ counsel, para. 7: ." . . the discovery sought has either been previously produced subject to an agreed Protective Order, made available to NSA’s previous attorneys or is superfluous to this litigations (Emphasis supplied.)
Accordingly, the Court concludes that defendants have knowingly and intentionally withheld documents which the Court, in the August 2009 Order, ordered them to produce not later than September 18, 2009. That defendants continue to consider such documents “superfluous” does not relieve defendants from the obligation to produce them in compliance with the Court’s order.
2. Rule 30(b)(6) Deposition
Accunef s failure to comply with the August 2009 Order is even more flagrant with regard to its obligation to designate someone who, having taken reasonable steps to inform himself or herself as to the five topics set forth in the deposition notice, would provide testimony thereon at Accunef s deposition. Instead, Accunet produced its president, whose level of preparation as to any of the five topics is reflected in the following exchange as to the first:
Q. Are you prepared to testify to the information requested in number 1?
A. I am.
Q. All right. Please tell me all of the purchase orders, authorization to purchase, and requisitions Accunet has received from those companies?
A. I don’t know.
October 14, 2009 transcript, at 173-74.
Nor does defendants’ Opposition explain or even address Accunet’s cavalier approach to its duties under Rule 30(b)(6) and the August 2009 Order. Rather, under the topic “Defendants Complied with Court Ordered Discovery,” defendants’ Opposition at 13-14, and in the Affidavit of Alan Dumas, defendants rely on the arguments discussed above.
Defendants’ response to the August 2009 Order is of a piece with their earlier conduct of discovery in this case. Defendants have already been severely sanctioned by the Court as a result of their deliberate efforts to prevent discovery by NSA. Order of December 4, 2007 (Fabricant, J.) [23 Mass. L. Rptr. 339] (wherein the Court concluded that, by spoliating evidence on an Accunet computer, and “deliberately [seeking] to prevent discovery by NSA, for purposes of evidence in this case . . . ,” id. at 22, defendants had earned the sanction of dismissal of their counterclaims and payment of attorneys fees or other costs resulting from their conduct).[7]
DISCUSSION
While the Court does not re-punish defendants for their spoliation of evidence in 2007, the Court does consider that conduct and the sanction imposed in deciding an appropriate sanction for their failure to *434 comply with the Court’s August 2009 Order. The entry of a default judgment under Mass.R.Civ.P. 37(b)(2) is appropriate where a party has clearly violated an order by the Court to provide discovery, “with no attempt to comply or showing of inability to comply.” Gos v. Brownstein, 403 Mass. 252, 257 (1988), citing Roxse Homes Ltd. Partnership v. Roxse Homes, Inc., 399 Mass. 401, 405 (1987) (vendor’s failure to respond adequately, first to purchaser’s request for discovery and subsequently to court orders, justified imposition of judgment against vendor).
Where defendants in this case have previously been sanctioned severely for deliberate destruction of evidence, have failed to comply with the August 2009 Order, and justify that failure by arguing not that they do not possess the information requested, but rather that such information is confidential and “superfluous,” the Court is persuaded that defendants have intentionally failed to comply with the Court’s order, and that any lesser sanction than judgment against them is inadequate.
ORDER
After hearing, and for the reasons set forth above, it is hereby ORDERED that judgment as to liability shall enter against defendants Michael Dimitruk and Accunet Solutions, Inc., and in favor of plaintiff Network Systems Architects Corporation. Counsel shall appear at a conference, to be scheduled by the clerk, to inform the Court with regard to the substance and length of a hearing for assessment of damages, and for scheduling of the hearing.
It is further ORDERED that defendants shall pay to plaintiff $1,000 in respect of attorneys fees for bringing the present motion.

 Ex. A is “Plaintiffs Second Set of Interrogatories to Defendant, Accunet Solutions, Inc.”; Ex. B is “Plaintiffs Second Set of Interrogatories to Defendant, Michael Dimitruk.”

 Ex. C is “Plaintiffs Second Set of Document Requests to Defendants, Accunet Solutions, Inc. and Michael Dimitruk.”

 Ex. D is a Rule 30(b)(6) “Notice of Deposition of Accunet Solutions, Inc.”

 “As grounds in support of its opposition, the Defendants state they object to the documents requested as they are superfluous, redundant, overbroad and burdensome, not reasonably calculated to lead to the discovery of any new evidence, seeks proprietary and confidential information, personal and privileged information unrelated to this litigation, and information protected by the attomey/client privilege.” As for any attorney/client privilege, defendants apparently produced with their September 16, 2009 response no privilege log as required by Mass.R.Civ.P. 26(b)(5), and requested by plaintiff. As for any concern about confidential or proprietary documents, defendants apparently produced such documents earlier in this case “under a protective order.” See December 15, 2009 Affidavit of Michael Dimitruk, para. 10. In any event, counsel knew or should have known that a protective or confidentiality stipulation or order is the customary way in which such concerns are resolved.

 The face page of Ex. N to the Affidavit of Jonathan D. Plaut reflects a deposition of Dumas taken January 29, 2007. The transcript excerpts that follow, however, are from the October 14, 2009 Rule 30(b)(6) deposition, viz., transcript p. 15, lines 6-9, at which Exhibit No. 1, marked “as of 10/14/09,” is the “notice of deposition of Accunet Solutions, Inc.,” and “Schedule A attached to that” (lines 11-18). Subsequent questions of Dumas demonstrate that Schedule A is the same as that attached to Exhibit D to the motion to compel, referenced in the August 2009 Order.

 Sic. The Court infers that “revenue information” is intended.

 The Court is constrained to note that, purporting to quote from Judge Fabricant’s order, defendants state, at page 13 of their Opposition to the present motion: .". . Judge Fabricant stated that ‘in truth the Defendants are not guilty of anything more than fair competition.’ “ What the Court finds, at page 22 of Judge Fabricant’s order, is this: ’’The defendants have conducted themselves in connection with this litigation as if they were guilty, but the factual record suggests that they may be guilty of nothing more than legitimate competition."